[This decision has been published in *Ohio Official Reports* at 92 Ohio St.3d 503.]

SMITH, APPELLEE, *v*. FRIENDSHIP VILLAGE OF DUBLIN, OHIO, INC.,
APPELLANT.

[Cite as *Smith v. Friendship Village of Dublin, Ohio, Inc*., 2001-Ohio-1272.]

*Civil Rights Commission—Filing of an unlawful discriminatory charge with Ohio*
*Civil Rights Commission under R.C. 4112.05(B)(1) does not preclude*
*person alleging handicap discrimination from instituting an independent*
*civil action under R.C. 4112.99.*

(Nos. 00-1456 and 00-1553—Submitted May 16, 2001—Decided August 15,
2001.)

APPEAL from and CERTIFIED by the Court of Appeals for Franklin County, No.
99AP-1332.

———————————

SYLLABUS OF THE COURT

The filing of an unlawful discriminatory practice charge with the Ohio Civil Rights
Commission under R.C. 4112.05(B)(1) does not preclude a person alleging
handicap discrimination from instituting an independent civil action under
R.C. 4112.99.

———————————

FRANCIS E. SWEENEY, SR., J.

{¶ 1} This appeal stems from a handicap discrimination claim brought by
appellee, Kristie Smith, against appellant, Friendship Village of Dublin, Ohio, Inc.

{¶ 2} On September 2, 1997, appellee was hired by appellant as a home
health aide. Appellee, a diabetic, was required to monitor her blood-sugar level
throughout the day and to administer insulin when needed. In her complaint,
appellee alleged that appellant denied her request to adjust her work schedule to
monitor and maintain her blood sugar. Appellee further alleged that appellant

denied her a promotion because of her disability, and that when her husband complained about this alleged discrimination, appellant terminated her employment.

{¶ 3} Appellee filed a charge of discrimination with the Ohio Civil Rights Commission ("commission"). On August 24, 1998, the Cleveland regional office of the commission issued a recommendation that no probable cause existed to support appellee's complaint. The recommendation stated that it was based upon evidence indicating that appellee resigned from her position to enter appellant's nurse's aide training classes and that appellee failed these classes and failed to meet an agreed-upon schedule for additional training.

{¶ 4} On October 1, 1998, the commission issued an order concluding that the evidence did not substantiate appellee's claim that she was discharged because of her disability or in retaliation for her protesting a "protected activity." The commission order noted that it was a final order subject to judicial review under R.C. 4112.06.

{¶ 5} One day after the commission's order, pursuant to R.C. 4112.99, appellee filed this civil action against appellant in the Franklin County Court of Common Pleas alleging employment discrimination, retaliation, and intentional infliction of emotional distress. Appellant answered the complaint and then filed a motion for summary judgment. In its motion, appellant argued that appellee's sole remedy was by judicial review of the commission's order pursuant to R.C. 4112.06, which she had failed to pursue, and that she could not bring an independent handicap discrimination action pursuant to R.C. 4112.99 after her claim had been dismissed by the commission. The trial court granted the summary judgment motion, finding that appellee could not file an independent civil action in the common pleas court because she had already elected an alternative remedy.

{¶ 6} Appellee appealed to the Franklin County Court of Appeals. The appellate court reversed. The appellate court held that appellee was not barred from

filing her complaint with the trial court pursuant to R.C. 4112.99. In so holding, the court determined that in enacting R.C. Chapter 4112, the General Assembly did not intend to create a requirement that aggrieved parties elect between civil or administrative remedies for handicap discrimination claims. However, upon motion, the court of appeals certified a conflict to this court, finding that its decision conflicts with a decision from the Seventh District in *Hultberg v. Ohio Edison Co.* (1996), 116 Ohio App.3d 130, 687 N.E.2d 12.

{¶ 7} The case is now before this court upon our determination that a conflict exists (case No. 00-1553) and upon the allowance of a discretionary appeal (case No. 00-1456).

{¶ 8} The question certified by the court of appeals asks whether appellee is "barred from filing her complaint with the trial court pursuant to R.C. 4112.99 simply because she had previously filed an administrative claim pursuant to R.C. 4112.05."[1] For the reasons that follow, we answer the question in the negative and affirm the judgment of the court of appeals.

{¶ 9} R.C. 4112.02(A) makes it an unlawful discriminatory practice "[f]or any employer, because of the * * * handicap * * * of any person, * * * to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment." A person alleging handicap discrimination has two statutory methods for relief. Pursuant to R.C. 4112.05, an aggrieved person may file a charge with the commission to pursue an administrative remedy. R.C. 4112.05(B)(1) provides that "[a]ny person may file a charge with the commission alleging that another person has engaged or is engaging in an unlawful discriminatory practice." R.C. 4112.06[2] provides the procedure for judicial review of commission decisions.

---

1. The discretionary appeal raises the same issue.
2. R.C. 4112.06 provides:

Alternatively, the person alleging discrimination may file a civil action in the common pleas court. This right is found in R.C. 4112.99, which provides that "[w]hoever violates [R.C. Chapter 4112] is subject to a civil action for damages * * *."

{¶ 10} Although there are two methods for pursuing a handicap discrimination claim, appellant argues that these procedures are exclusive so that the pursuit of one excludes the other. Appellant contends that appellee is precluded from filing a civil action because she opted instead to pursue a charge with the commission, obtained a determination from that agency, and chose not to appeal that decision to the common pleas court.

{¶ 11} At the outset, we note that R.C. Chapter 4112 is remedial legislation. *Helmick v. Cincinnati Word Processing, Inc.* (1989), 45 Ohio St.3d 131, 133-134, 543 N.E.2d 1212, 1215. R.C. 4112.08 requires this court to liberally construe Ohio's antidiscrimination law "for the accomplishment of its purposes." In *Elek v. Huntington Natl. Bank* (1991), 60 Ohio St.3d 135, 137, 573 N.E.2d 1056, 1058, we found that "R.C. 4112.99 is to be liberally construed to promote its object (elimination of discrimination) and protect those to whom it is addressed (victims of discrimination). * * * As such, R.C. 4112.99 must be interpreted to afford victims of handicap discrimination the right to pursue a civil action." We have also said that "R.C. Chapter 4112 is comprehensive legislation designed to provide *a*

---

"(A) Any complainant, or respondent claiming to be aggrieved by a final order of the commission, including a refusal to issue a complaint, may obtain judicial review thereof * * *. Such proceeding shall be brought in the common pleas court * * *.
" * * *
"(E) The findings of the commission as to the facts shall be conclusive if supported by reliable, probative, and substantial evidence on the record and such additional evidence as the court has admitted considered as a whole.
"(F) The jurisdiction of the court shall be exclusive and its judgment and order shall be final subject to appellate review. * * *
" * * *
"(H) If no proceeding to obtain judicial review is instituted by a complainant, or respondent within thirty days from the service of order of the commission pursuant to this section, the commission may obtain a decree of the court for the enforcement of such order * * *."

*variety of remedies* for employment discrimination in its various forms." (Emphasis added.) *Helmick, supra,* 45 Ohio St.3d at 133, 543 N.E.2d at 1215.

{¶ 12} In *Elek, supra,* we held that, under R.C. 4112.99, an individual may institute an independent civil action for discrimination on the basis of physical handicap even though that individual has not invoked and exhausted his or her administrative remedies. However, because the plaintiff in *Elek* had not instituted administrative proceedings prior to filing his civil action, our holding in that case does not quite answer whether the General Assembly intended that handicapped persons be barred from instituting a judicial action after electing to commence administrative proceedings.

{¶ 13} In determining the General Assembly's intent, the starting point in the construction of a legislative enactment is the text of the statute itself. The plain language of neither R.C. 4112.05 nor R.C. 4112.99 requires a plaintiff alleging handicap discrimination to elect between remedies. Nor are there other statutory provisions requiring such an election. In contrast, there are statutory provisions requiring an election for age discrimination claims.

{¶ 14} R.C. 4112.02(N) provides that "[a]n aggrieved individual may enforce the individual's rights relative to discrimination on the basis of age * * * by instituting a civil action." An individual may also file an age discrimination charge with the commission pursuant to R.C. 4112.05(B)(1). However, the General Assembly has specifically provided that individuals alleging age discrimination must choose between an administrative or judicial action. R.C. 4112.08 states that "any person filing a charge under division (B)(1) of section 4112.05 of the Revised Code, with respect to the unlawful discriminatory practices complained of, is barred from instituting a civil action under section 4112.14 or division (N) of section 4112.02 of the Revised Code."

{¶ 15} These provisions relating to age discrimination demonstrate that the General Assembly was aware that individuals might attempt to commence both

administrative and judicial proceedings pursuant to R.C. Chapter 4112. So, in clear language, the General Assembly expressed its intent that an election must be made. However, in regard to handicap discrimination claims, the General Assembly has not manifested a similar intent requiring a plaintiff to elect between an administrative or judicial remedy. Thus, had the General Assembly intended that individuals alleging handicap discrimination be forced to choose between an administrative or civil proceeding, it would have specifically stated so, as it did with respect to age discrimination. In this respect, we are guided by the Latin maxim *expressio unius est exclusio alterius*, which translated means that the expression of one item of a class implicitly excludes other items of the class that are not specifically mentioned. *State v. Droste* (1998), 83 Ohio St.3d 36, 39, 697 N.E.2d 620, 622. The General Assembly has specifically limited an individual's ability to bring both an administrative and civil proceeding in the context of age discrimination only. Its exclusion of other forms of discrimination from this limitation makes clear that it intended that both remedies be available for other forms of discrimination.

{¶ 16} Yet appellant argues that permitting an individual to commence a proceeding in the commission and then, upon receiving an unfavorable response from the commission, to file a separate, independent civil action is not an efficient use of administrative and judicial resources. Nor is it fair, appellant asserts, to subject defendants to the burden of repeatedly defending themselves in a multitude of forums. While we recognize the legitimacy of these concerns, we find they are ones better addressed by the General Assembly.

{¶ 17} Accordingly, we find that in light of our obligation to liberally construe R.C. Chapter 4112, R.C. Chapter 4112's goal of providing "a variety of remedies," and in the absence of an express legislative expression imposing an election requirement, we hold that the filing of an unlawful discriminatory practice charge with the Ohio Civil Rights Commission under R.C. 4112.05(B)(1) does not

6

preclude a person alleging handicap discrimination from instituting an independent civil action under R.C. 4112.99.

{¶ 18} Therefore, the judgment of the court of appeals is affirmed, and the cause is remanded to the trial court for further proceedings.

*Judgment affirmed*
*and cause remanded.*

MOYER, C.J., DOUGLAS, RESNICK, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

*Law Offices of John S. Marshall* and *Joshua J. Morrow; Spater, Gittes, Schulte & Kolman* and *Frederick M. Gittes; Reminger & Reminger Co., L.P.A.,* and *Mark W. Biggerman,* for appellee.

*David L. Day, L.P.A.,* and *David L. Day,* for appellant.

*Jeffrey D. Dillman,* urging affirmance for *amici curiae* Housing Advocates, Inc., Metropolitan Strategy Group, Ohio Academy of Trial Lawyers, Ohio Civil Rights Coalition, Ohio Employment Lawyers Association, Ohio Fair Housing Congress, Ohio Now Education and Legal Fund, and Ohio State Legal Services Association.

*Betty D. Montgomery,* Attorney General, *David M. Gormley,* State Solicitor, *Judith B. Goldstein* and *Matthew D. Miko,* Assistant State Solicitors, urging affirmance for *amicus curiae* Ohio Civil Rights Commission.

————————————