NODAY, Appellant,

v.

MAHONING COUNTY SHERIFF, Appellee.

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 00 C.A. 226.

Decided Feb. 11, 2002.

Alan Belkin, for appellant.

Paul J. Gains, Mahoning County Prosecuting Attorney, and Thomas N. Michaels, Assistant Prosecuting Attorney, for appellee.

GENE DONOFRIO, Judge.

{¶ 1}   Plaintiff-appellant, Tammy S. Noday, appeals from a decision of the Mahoning County Common Pleas Court dismissing her sex discrimination claim against defendant-appellee, Mahoning County.

{¶ 2}   Appellant began employment as a deputy sheriff with appellee's sheriff's department on June 2, 1994.   Her employment was terminated on August 28, 1998.

{¶ 3}   Appellant filed a charge of sex discrimination with the Ohio Civil Rights Commission ("the commission").   On May 20, 1999, the Akron regional office of the commission issued an order concluding that it was not probable that appellee had engaged in unlawful discriminatory practices under R.C. Chapter 4112 and dismissed appellant's claim.   The commission stated that the evidence did not substantiate that appellant had been discharged or subjected to differential treatment because of her sex or in retaliation.   The commission stated that the order was based upon evidence indicating that appellant had been discharged for refusing a direct order of her superior and violating department policy resulting in a criminal indictment.

{¶ 4}   The commission order noted that it was a final order subject to judicial review under R.C. 4112.06.   However, appellant did not pursue judicial review of the order.   Rather, appellant filed a civil action against appellee in Mahoning County Common Pleas Court alleging sex discrimination.   Appellant's complaint set forth two counts.   The first set forth a statutory cause of action pursuant to R.C. 4112.01 et seq. and R.C. 4112.99.   The second set forth a cause of action for wrongful termination of employment in violation of public policy.

{¶ 5}   Appellee filed a motion to dismiss/motion for summary judgment.   In its motion, appellee argued that Count 1 of appellant's complaint should be dismissed, arguing that appellant's sole remedy was by judicial review of the commission's order pursuant to R.C. 4112.06, which she had failed to pursue, and that she could not bring an independent sex discrimination action pursuant to R.C. 4112.99 after her claim had been dismissed by the commission.   Concerning Count 2, appellee argued that since appellant was not an at-will employee, she could not pursue a wrongful discharge claim under the public-policy exception.

{¶ 6}   On September 22, 2000, the trial court sustained appellee's motion and dismissed appellant's case.   This appeal followed.

{¶ 7}   Appellant's first assignment of error states:

{¶ 8}   "The trial court improperly found that an election of remedies requirement attached to the gender discrimination claims brought pursuant to Ohio

Revised Code Section 4112.99. Election of remedies attaches only to age discrimination claims brought pursuant to Ohio Revised Code Section 4112.99."

{¶ 9} The question presented by appellant's first assignment of error is whether she was barred from filing her complaint with the trial court pursuant to R.C. 4112.99, since she had previously filed an administrative claim pursuant to R.C. 4112.05.

{¶ 10} R.C. 4112.02(A) makes it an unlawful discriminatory practice "[f]or any employer, because of the race, color, religion, sex, national origin, handicap, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment." A person alleging sex discrimination has two statutory methods for relief. Pursuant to R.C. 4112.05, an aggrieved person may file a charge with the commission to pursue an administrative remedy. R.C. 4112.05(B)(1) provides that "[a]ny person may file a charge with the commission alleging that another person has engaged or is engaging in an unlawful discriminatory practice." R.C. 4112.06 provides the procedure for judicial review of commission decisions. Alternatively, the person alleging discrimination may file a civil action in the common pleas court. This right is found in R.C. 4112.99, which provides that "[w]hoever violates [R.C. Chapter 4112] is subject to a civil action for damages * * *."

{¶ 11} Although there are two methods for pursuing a handicap discrimination claim, appellee argued below that these procedures are exclusive so that the pursuit of one excludes the other. Appellee argued that appellant was precluded from filing a civil action because she opted instead to pursue a charge with the commission, obtained a determination from that agency, and chose not to appeal that decision to the common pleas court.

{¶ 12} In support of its motion to dismiss, appellee relied primarily on this court's decision in *Hultberg v. Ohio Edison Co.* (1996), 116 Ohio App.3d 130, 687 N.E.2d 12. In that case, the plaintiff filed a civil action in common pleas court against the defendant for wrongful discharge alleging handicap discrimination. Prior to filing the lawsuit, the plaintiff had filed a charge of discrimination with the commission. The commission issued an order concluding that it was not probable that the defendant had engaged in unlawful discriminatory practices under R.C. Chapter 4112 and dismissed her claim. The plaintiff did not pursue a judicial review of the commission's decision. The defendant was granted summary judgment in the civil action after arguing that the plaintiff was barred from pursuing the civil action because she had opted instead to pursue a charge with the commission, obtained a determination from that agency, and chose not to appeal that decision to the common pleas court.

{¶ 13}   On appeal, this court affirmed, holding "that the abandonment of one process in favor of another is not warranted and that when the appellant abandoned her administrative appeal, she was forever barred from raising a handicap discrimination cause in an independent action." Id. at 134, 687 N.E.2d 12.   In reaching that decision, this court relied on a series of cases that applied an election-of-remedies requirement to claims of age discrimination.   However, since this court's decision in that case, the Ohio Supreme Court has held that the election-of-remedies requirement applies only to age discrimination claims and not to claims based on the other forms of discrimination.

{¶ 14}   In *Smith v. Friendship Village of Dublin, Ohio, Inc.* (2001), 92 Ohio St.3d 503, 751 N.E.2d 1010, the plaintiff, like the one in *Hultberg,* filed a civil action in common pleas court alleging handicap discrimination.   Prior to filing the lawsuit, the plaintiff filed a charge of discrimination with the commission.   The commission dismissed her claim, and she did not appeal that determination.   The common pleas court granted summary judgment in favor of the defendant, finding that the plaintiff could not pursue an independent civil action because she had already elected an alternate remedy.

{¶ 15}   On appeal to the Tenth District Court of Appeals, the court reversed, holding that the General Assembly did not intend to create an election-of-remedies requirement to handicap discrimination claims.   Finding that its decision conflicted with *Hultberg,* the court certified a conflict to the Ohio Supreme Court.

{¶ 16}   The Ohio Supreme Court affirmed the Tenth District's decision, holding specifically that "[t]he filing of an unlawful discriminatory practice charge with the Ohio Civil Rights Commission under R.C. 4112.05(B)(1) does not preclude a person alleging handicap discrimination from instituting an independent civil action under R.C. 4112.99." *Smith* at the syllabus.   Although the court's holding specifically addressed only handicap discrimination claims, the court's logic and reasoning can just as reasonably be applied to sex discrimination claims.

{¶ 17}   In *Smith,* the court explained, "In determining the General Assembly's intent, the starting point in the construction of a legislative enactment is the text of the statute itself.   The plain language of neither R.C. 4112.05 nor R.C. 4112.99 requires a plaintiff alleging handicap discrimination to elect between remedies.   Nor are there other statutory provisions requiring such an election.   In contrast, there are statutory provisions requiring an election for age discrimination claims.

{¶ 18}   "R.C. 4112.02(N) provides that '[a]n aggrieved individual may enforce the individual's rights relative to discrimination on the basis of age * * * by instituting a civil action.'   An individual may also file an age discrimination charge with the commission pursuant to R.C. 4112.05(B)(1).   However, the

General Assembly has specifically provided that individuals alleging age discrimination must choose between an administrative or judicial action. R.C. 4112.08 states that 'any person filing a charge under division (B)(1) of section 4112.05 of the Revised Code, with respect to the unlawful discriminatory practices complained of, is barred from instituting a civil action under section 4112.14 or division (N) of section 4112.02 of the Revised Code.'

{¶ 19} "These provisions relating to age discrimination demonstrate that the General Assembly was aware that individuals might attempt to commence both administrative and judicial proceedings pursuant to R.C. Chapter 4112. So, in clear language, the General Assembly expressed its intent that an election must be made. However, in regard to handicap discrimination claims, the General Assembly has not manifested a similar intent requiring a plaintiff to elect between an administrative or judicial remedy. Thus, had the General Assembly intended that individuals alleging handicap discrimination be forced to choose between an administrative or civil proceeding, it would have specifically stated so, as it did with respect to age discrimination. In this respect, we are guided by the Latin maxim *expressio unius est exclusio alterius*, which translated means that the expression of one item of a class implicitly excludes other items of the class that are not specifically mentioned. *State v. Droste* (1998), 83 Ohio St.3d 36, 39, 697 N.E.2d 620, 622. *The General Assembly has specifically limited an individual's ability to bring both an administrative and civil proceeding in the context of age discrimination only. Its exclusion of other forms of discrimination from this limitation makes clear that it intended that both remedies be available for other forms of discrimination.*" (Emphasis added.) Id. at 506–507, 751 N.E.2d 1010.

{¶ 20} As with handicap discrimination claims, there is nothing in the plain language of R.C. 4112.05 or R.C. 4112.99 that requires a plaintiff alleging sex discrimination to elect between remedies and there are no other statutory provisions requiring such an election. To infer one would run contrary to legislative intent and the Ohio Supreme Court's interpretation of those provisions.[1]

{¶ 21} Accordingly, appellant's first assignment of error has merit.

■ {¶ 22} Appellant's second assignment of error states:

{¶ 23} "The trial court improperly found that the existence of a collective bargaining agreement bars the assertion of a public-policy tort claim by a terminated employee."

---

1. As a side note, the Ohio Supreme Court decided *Smith* on August 15, 2001, during the pendency of this appeal and subsequent to the trial court's determination on this matter on September 22, 2000.

{¶ 24}   The origin of the tort of wrongful discharge in violation of public policy is the Ohio Supreme Court's decision in *Greeley v. Miami Valley Maintenance Contrs., Inc.* (1990), 49 Ohio St.3d 228, 551 N.E.2d 981.   *Greeley* provides that public policy warrants an exception to the employment-at-will doctrine when an employee is discharged or disciplined for a reason prohibited by statute.   However, a *Greeley* cause of action is available *only* to at-will employees and may not be asserted by employees subject to a collective bargaining agreement.   *Haynes v. Zoological Soc. of Cincinnati* (1995), 73 Ohio St.3d 254, 257, 652 N.E.2d 948. Because appellant was subject to a collective bargaining agreement, she cannot assert a cause of action for wrongful discharge in violation of public policy.

{¶ 25}   Accordingly, appellant's second assignment is without merit.

{¶ 26}   The judgment of the trial court is hereby reversed as to appellant's sex discrimination claim brought under R.C. 4112.99, affirmed as to appellant's public-policy tort claim, and remanded for further proceedings according to law and consistent with this opinion.

Judgment reversed in part,
affirmed in part
and cause remanded.

VUKOVICH and DEGENARO, JJ., concur.