This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Roberta Sanders, appeals from the judgment of the Summit County Court of Common Pleas, which granted the motion for summary judgment of Appellee, Summit County Veterans' Service Commission. We affirm.
On February 20, 2001, Appellant filed a complaint against Appellee alleging wrongful termination, breach of contract, due process violations, disability discrimination, and intentional and negligent infliction of emotional distress. Subsequently, Appellee moved for summary judgment or, alternatively, to dismiss. Despite Appellant's motion in opposition, the trial court granted Appellee's motion for summary judgment. Appellant timely appeals raising three assignments of error for review. We will address assignments of error two and three together as they concern similar issues of law and fact.
 ASSIGNMENT OF ERROR I "The basis for the summary judgment ruling was improper because the Summit County Court of Common Pleas erred by applying R.C. [124.34] to the case."
In her first assignment of error, Appellant avers that R.C. 124.34 does not apply to this case. As such, the trial court improperly relied upon R.C. 124.34 when it determined that Appellant failed to exhaust administrative remedies prior to asserting a cause of action in the Summit County Court of Common Pleas.
R.C. 124.34(B) addresses the situation in which a civil service employee is removed from office and the appeal process from such removal. Specifically, "[i]n case of * * * removal * * * the appointing authority shall serve the employee with a copy of the order of * * * removal, which order shall state the reasons for the action. The order shall be filed with the director of administrative services and state personnel board of review[.]" R.C. 124.34(B). "[W]ithin ten days following the filing of the removal order, the employee * * * may file an appeal of the order * * * with the state personnel board of review[.]" Id. Following the state personnel board of review's decision, the employee may appeal this decision to the court of common pleas of the county. Id.
Notwithstanding the provisions of R.C. 124.34, which require an employee to exhaust administrative remedies before appealing to the court of common pleas, we find that R.C. 124.34 is inapplicable to the instant case. The rationale supporting our finding stems from the fact that Summit County has a charter form of government. Desenco, Inc. v. Akron
(Dec. 10, 1997), 9th Dist. No. 18321, at 5. Article VI, Section 6.05 of the Charter of Summit County ("Charter") empowers the Human Resource Commission ("Commission") to assume "[r]esponsibility for the resolution or disposition of all personnel matters" and to "hear all employee appeals previously under the jurisdiction of the State Personnel Board of Review[.]" Additionally, the Charter identifies the Veterans' Service Commission as an entity subject to the Commission's jurisdiction. Therefore, as Appellant's claim falls within the Commission's jurisdiction, her claim is properly addressed pursuant to the Commission's rules.
The Commission's rules regarding the removal of a civil service employee and the subsequent appeals process are similar to R.C. 124.34. Particularly, the appointing authority must file copies of the removal order with the Commission within seven days of its effective date and must list the particulars, which form the basis of the order. Additionally, the appointing authority must provide a copy of the removal order to the affected employee. If the affected employee does not appeal to the Commission within ten days of receiving notice of the removal order, his or her appeal will be deemed untimely. Finally, the affected employee may appeal to the court of common pleas of the county if he or she files the notice of appeal within thirty days of the Commission's final decision.
Despite the trial court's erroneous application of R.C. 124.32 to the present case, we find that the Commission's rules require Appellant to exhaust administrative remedies before asserting a claim in the court of common pleas. Therefore, as the record indicates that Appellant has not exhausted her administrative remedies, we will not reverse a correct judgment on the basis that the trial court applied an erroneous rationale. Agricultural Ins. Co. v. Constantine (1944), 144 Ohio St. 275,284.
This Court is cognizant that the Supreme Court of Ohio has stated that an individual may assert a civil action for discrimination, pursuant to R.C. 4112.99, without first exhausting administrative remedies. Elek v.Huntington Natl. Bank (1991), 60 Ohio St.3d 135, 136; Smith v. FriendshipVillage of Dublin, Ohio, Inc. (2001), 92 Ohio St.3d 503, 506. Notwithstanding the Supreme Court of Ohio cases that interpret the statutory language of R.C. 4112.99, the Charter does not provide anything other than exhaustion of administrative remedies prior to asserting a claim in the court of common pleas. Accordingly, Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II "Summary judgment was inappropriate because a genuine issue of material fact existed as to whether or not the VSC to [sic.] complied with the procedural requirements for removing a classified civil servant, as set forth in Article 19 of the Summit County Human Resource Commission rules thereby depriving Appellant of her right to due process."
 ASSIGNMENT OF ERROR III "Summary judgment was inappropriate because a genuine issue of material fact existed regarding Appellant's promissory estoppel claim."
In her second and third assignments of error, Appellant contends that the trial court erred in granting Appellee's motion for summary judgment. Specifically, in her second assignment of error, Appellant contends that a genuine issue of material fact exists because Appellee did not comply with the procedural requirements for removing a civil service employee in accordance with the Human Resource Commission rules. Likewise, in her third assignment of error, Appellant contends that genuine issues of material fact exist as to her promissory estoppel claim. Appellant's contentions lack merit.
Pursuant to Civ.R. 56(C), summary judgment is appropriate when: "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327. To succeed on a summary judgment motion, the movant "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." (Emphasis sic.) Dresher v. Burt (1996), 75 Ohio St.3d 280,292. If the movant satisfies this burden, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 293, quoting Civ.R. 56(E). An appellate court reviews a lower court's entry of summary judgment applying the de novo standard; thereby employing the same standard used by the trial court. See Klingshirn v.Westview Concrete Corp. (1996), 113 Ohio App.3d 178, 180.
In the case sub judice, Appellant has failed to demonstrate the she has exhausted her administrative remedies pursuant to the Commission's rules and is entitled to bring a cause of action in the court of common pleas. As a result, the trial court did not err in determining that no genuine issue of material fact existed as to the due process claim or promissory estoppel claim. Therefore, Appellant's second and third assignments of error are overruled.
Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
BATCHELDER, J. CONCURS