OPINION.
{¶ 1} Plaintiff-appellant, Goomtie Ramudit, filed a charge of discrimination with the Ohio Civil Rights Commission in which she alleged that defendant-appellee, Fifth Third Bank, had disciplined her on the basis of her national origin. Subsequently, the commission issued a decision finding that it was "not probable" that Fifth Third had "engaged in practices unlawful under Section 4112, Ohio Revised Code" and dismissing the case.
 {¶ 2} Ramudit then filed a two-count complaint against Fifth Third in the court of common pleas. Count one of the complaint alleged that Fifth Third had wrongfully discharged Ramudit from her employment in violation of public policy because she had refused to engage in illegal activities. Specifically, she contended that she was fired because she objected to making an illegal accounting entry in relation to a bond transaction. Count two of the complaint was an appeal from the decision of the civil rights commission pursuant to R.C. 4112.06.
 {¶ 3} Fifth Third moved to dismiss count two of the complaint for lack of subject-matter jurisdiction because Ramudit had never served the complaint on the civil rights commission as required by R.C. 4112.06(B). In response, Ramudit filed a motion for leave to amend her complaint to change count two from an appeal of the decision of the civil rights commission to a cause of action for national-origin discrimination pursuant to R.C. 4112.99. She also asked the court to overrule as moot Fifth Third's motion to dismiss.
 {¶ 4} The trial court granted Fifth Third's motion to dismiss count two as originally pleaded because of a lack of jurisdiction. The dismissal was without prejudice because Civ.R. 41(B)(4) provides that a dismissal for lack of jurisdiction "shall operate as a failure otherwise than on the merits." The court withheld its decision on Ramudit's motion for leave to amend her complaint until it received further memoranda from the parties on the issue of collateral estoppel and "the nature of the dismissal under Civil Rule 41."
 {¶ 5} Fifth Third then filed a memorandum in which it alleged that the trial court should have dismissed count two of Ramudit's complaint with prejudice. It argued that because Ramudit's appeal of the commission's decision was not properly initiated within thirty days as required by R.C. 4112.06(B) and (H), her appeal was time-barred and could never be refiled. Fifth Third also argued that a dismissal with prejudice of that claim was res judicata and barred any other cause of action based upon the same transaction or occurrence. It contended that because Ramudit's cause of action for discrimination pursuant to R.C. 4112.99 was based on the same underlying allegations as the appeal under R.C. 4112.06, that cause of action was barred, and the trial court should therefore overrule her motion to amend her complaint.
 {¶ 6} The trial court found Fifth Third's arguments to be persuasive and dismissed count two of the complaint with prejudice. It also denied Ramudit's motion to amend the complaint, ruling that the decision of the civil rights commission was final and conclusive before Ramudit filed her motion for leave to amend, and the issue was, therefore, res judicata.
 {¶ 7} Ramudit filed a motion for reconsideration of the denial of her motion for leave to amend her complaint. In the alternative, she asked the court to amend its order by adding the language "there is no just cause for delay" to permit an appeal pursuant to Civ.R. 54. The court never ruled on this motion. Subsequently, the trial court granted Fifth Third's motion for summary judgment on count one of Ramudit's complaint, her cause of action for wrongful discharge. This appeal followed.
 {¶ 8} Ramudit presents four assignments of error for review. Because her first two assignments of error are closely related, we consider them together. In her first assignment of error, she contends that the trial court erred in "dismissing with prejudice a cause of action for employment discrimination under 4112.99 O.R.C. under the theory that failure to serve the Ohio Civil Rights Commission on an appeal from an adverse decision was `res judicata' when in fact, 4112.99 is, by statute, an allowed alternative theory." In her second assignment of error, she states that the trial court erred in overruling her motion to reconsider its dismissal of her cause of action for employment discrimination. In reality, she is arguing that the trial court erred in overruling her motion for leave to amend her complaint. Though these assignments of error are inartfully phrased, we find them to have merit.
 {¶ 9} First, the record clearly shows that the trial court did not dismiss Ramudit's employment-discrimination claim under R.C. 4112.99, as she argues. It dismissed her appeal of the civil rights commission's decision pursuant to R.C. 4112.06 because she had failed to serve the civil rights commission as the statute required. That failure deprived the court of subject-matter jurisdiction to hear the appeal. See Donn,Inc. v. Ohio Civ. Rights Comm. (1991), 68 Ohio App.3d 561, 564-565,589 N.E.2d 110; Cleveland v. Ohio Civ. Rights Comm. (1988),43 Ohio App.3d 153, 154-158, 540 N.E.2d 278; Westinghouse CreditCorp. v. Ohio Civ. Rights Comm. (Apr. 11, 1984), 1st Dist. No. C-830481. Consequently, the trial court did not err in dismissing Ramudit's appeal under R.C. 4112.06.
 {¶ 10} The question becomes, then, whether the court should have dismissed the appeal with prejudice. Civ.R. 41(B)(4) clearly states that a dismissal for lack of jurisdiction is a "failure otherwise than on the merits." A successful motion to dismiss for lack of jurisdiction will normally result in an order dismissing the action, but should not prejudice the plaintiff's action on the merits or the plaintiff's right either to seek leave to amend the complaint or to file another complaint. Jurko v. Jobs Europe Agency (1975), 43 Ohio App.2d 79,87-88, 334 N.E.2d 478; Interior Services, Inc. v. Iverson, 1st Dist. No. C-020501, 2003-Ohio-1187, ¶ 25.
 {¶ 11} But when the court determines that no further allegations or statements of fact consistent with the pleadings could cure the defect, it may, in its discretion, dismiss the cause of action with prejudice.Tri-State Computer Exchange, Inc. v. Burt, 1st Dist. No. C-020345, 2003-Ohio-3197, ¶ 26. Because Ramudit's appeal from the commission's decision was not properly initiated through filing and proper service within thirty days as required by R.C. 4112.06(H), the appeal was time-barred. See Ramsdell v. Ohio Civ. Rights Comm. (1990),56 Ohio St.3d 24, 27-28, 563 N.E.2d 285. Therefore, the defect could not be cured, and the trial court did not err in dismissing Ramudit's appeal under R.C. 4112.06 with prejudice.
 {¶ 12} Nevertheless, after the court dismissed Ramudit's appeal pursuant to R.C. 4112.06, it also denied her leave to amend her complaint to add a cause of action for national-original discrimination pursuant to R.C. 4112.99. That denial presents a completely separate issue from whether the court properly dismissed the appeal under R.C. 4112.06 with prejudice.
 {¶ 13} Civ.R. 15(A) provides that "[a] party may amend his pleading once as a matter of course at any time before a responsive pleading is served * * *. Otherwise a party many amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires." The decision whether to grant leave to file an amended complaint lies within the trial court's discretion. Hoover v. Sumlin (1984), 12 Ohio St.3d 1, 6, 465 N.E.2d 377, modified on other grounds by Jim's Steakhouse, Inc. v. Cleveland,81 Ohio St.3d 18, 1998-Ohio-440, 688 N.E.2d 506.
 {¶ 14} Nevertheless, the language of Civ.R. 15(A) favors a liberal amendment policy. A court should grant a motion for leave to amend absent a finding of bad faith, undue delay, or undue prejudice to the opposing party. Id. The trial court abuses its discretion in denying a timely filed motion seeking leave to file an amended complaint "where it is possible that the plaintiff, by an amended complaint, may set forth a claim upon which relief can be granted and no reason otherwise justifying denial of the motion is disclosed." Peterson v. Teodosio (1973), 34 Ohio St.2d 161,297 N.E.2d 113, paragraph six of the syllabus; Boyd, v. Winton HillsMed. and Health Ctr., Inc. (1999), 133 Ohio App.3d 150, 160,727 N.E.2d 137.
 {¶ 15} The trial court denied Ramudit's motion for leave to amend her complaint under the theory that the decision of the civil rights commission was res judicata. That reasoning was erroneous.
 {¶ 16} Ramudit relies upon Smith v. Friendship Village of Dublin,92 Ohio St.3d 503, 2001-Ohio-1272, 751 N.E.2d 1010. In that case, the Ohio Supreme Court held that "in light of our obligation to liberally construe R.C. Chapter 4112, R.C. Chapter 4112's goal of providing `a variety of remedies,' and in the absence of an express legislative expression imposing an election requirement, we hold that the filing of an unlawful discriminatory practice charge with the Ohio Civil Rights Commission under R.C. 4112.05(B)(1) does not preclude a person alleging handicap discrimination from instituting an independent civil action under R.C. 4112.99." Id. at 507, 751 N.E.2d 1010.
 {¶ 17} Ramudit argues that the same logic applies to statutes prohibiting nationalorigin discrimination, which also do not impose an election requirement. She further argues that the trial court's holding that she was bound by the decision of the civil rights commission defeated the purpose of the statutes and was contrary to the supreme court's holding in Smith. While Ramudit's argument makes sense, we need not decide whether Smith precludes the application of the doctrines of res judicata and collateral estoppel in this case.
 {¶ 18} Several courts have held that the doctrines of res judicata and collateral estoppel do not apply to a finding of "no probable cause" by the civil rights commission and do not preclude a civil action for discrimination or retaliatory discharge. Those courts reasoned that the plaintiff did not have the opportunity to fully and fairly litigate the issues raised in the civil suits in the proceedings before the civil rights commission because of the nature of those proceedings. See Wilsonv. Semco, Inc., 152 Ohio App.3d 75, 2002-Ohio-4695, 786 N.E.2d 906, ¶ 14-18; Doan v. S. Ohio Administrative Dist. Council, Intl. Union ofBricklayers Allied Craftworkers (2001), 145 Ohio App.3d 482,486-487, 763 N.E.2d 639; Delekta v. Snyder Farm (Dec. 19, 1995), 5th Dist. No. 95AP060042.
 {¶ 19} When an individual files a charge of unlawful discrimination, the commission initiates a preliminary investigation, which is an informal procedure conducted by members of the commission staff. If the commission determines after that investigation that it is not probable that unlawful discrimination has occurred, it must notify the complainant that it will not file a formal complaint in the matter. Before the filing of a complaint, the procedure is informal and ex parte. Although the commission investigates the charge, it does not receive formal evidence. Unlike the procedure for a post-complaint hearing, the commission does not swear in witnesses, take testimony, or keep a record of the preliminary investigation. R.C. 4112.05; McCrea v. Ohio Civ. Rights Comm.
(1984), 20 Ohio App.3d 314, 315-316, 486 N.E.2d 143; Delekta, supra;Moysi v. Trustcorp Bank, Ohio (May 9, 1991), 5th Dist. No. CA-2796.
 {¶ 20} "Therefore, the independent preliminary investigation conducted by [the commission] before reaching its finding of no probable cause to issue a complaint is simply that, a preliminary investigation. No formal hearing is ever held, and the proceeding is ex parte. * * * [The commission] does not act in a judicial capacity when conducting such an investigation, and because the nature of the proceeding is ex parte, both parties do not have a full and fair opportunity to argue their version of the facts." Moysi, supra.
 {¶ 21} Consequently, the trial court erred in denying Ramudit's motion for leave to amend her complaint on the basis that the doctrine of res judicata barred her cause of action for discrimination. Further, our review of the record shows that the motion for leave to amend was filed over a year before the scheduled trial, that the parties had not conducted a substantial amount of discovery, and that the amendment would not have prejudiced Fifth Third. Cases should be decided on their merits, where possible, rather than on procedural grounds. State ex rel.Lindenschmidt v. Bd. of Commrs., 72 Ohio St.3d 464, 466, 1995-Ohio-49,650 N.E.2d 1343. Under the circumstances, we hold that the trial court abused its discretion in denying Ramudit's motion for leave to amend her complaint. See Westfield Cos. v. O.K.L. Can Line, 155 Ohio App.3d 747,2003-Ohio-7151, 804 N.E.2d 45, ¶ 43.
 {¶ 22} In her third assignment of error, Ramudit argues that the trial court erred in failing to rule on her motion to designate the order dismissing her appeal under R.C. 4112.06 as a final appealable order by adding Civ.R. 54(B) "no just cause for delay" language. She argues that the effect of the delay was to "multiply litigation in violation of judicial economy and common sense." This assignment of error is not well taken.
 {¶ 23} An order that adjudicates one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of R.C. 2505.02 and Civ.R. 54(B) to be final and appealable. Noble v. Colwell (1989), 44 Ohio St.3d 92, 540 N.E.2d 1381, syllabus; Wiley v. Good Samaritan Hosp., 1st Dist. Nos. C-030131 and C-030181, 2004-Ohio-763, ¶ 18. Civ.R. 54(B) requires the court to make an express determination that there is "no just reason for delay" before it can enter a final judgment. Noble, supra, at 96, 540 N.E.2d 1381;Williams v. Winston (Oct. 11, 1995), 1st Dist. No. C-940746. The rule's general purpose is to "accommodate the strong policy against piecemeal litigation with the possible injustice of delayed appeals in special situations." Noble, supra, at 96, 540 N.E.2d 1381.
 {¶ 24} Since the trial court failed to rule on Ramudit's motion, we presume that the court overruled it. State ex rel. V Cos. v. Marshall,81 Ohio St.3d 467, 469, 1998-Ohio-329, 692 N.E.2d 198. Even if we assume that the trial court erred in overruling Ramudit's motion to add Civ.R. 54(B) certification, Ramudit has not shown how that error prejudiced her. She makes only broad assertions that an interlocutory appeal would have prevented a waste of time and judicial resources.
 {¶ 25} An error is harmless where "it does not affect substantial rights of the complaining party, or where the court's action is not inconsistent with substantial justice." O'Brien v. Angley (1980),63 Ohio St.2d 159, 164, 407 N.E.2d 490; Hofmeier v. Cincinnati Inst. ofPlastic Reconstructive Surgery, Inc., 1st Dist. No. C-000274, 2002-Ohio-188, ¶ 13. This court has considered Ramudit's claims of error in this appeal, and she has not demonstrated how the delay affected her substantial rights. Further, at this time, particularly given that we are remanding the case to the trial court for further proceedings, we can give her no relief for the error of which she complains. Accordingly, we overrule her third assignment of error.
 {¶ 26} In her fourth assignment of error, Ramudit contends that the trial court erred in granting summary judgment in favor of Fifth Third on her claim for wrongful discharge. She presents two separate arguments under this assignment of error, one of which has merit.
 {¶ 27} First, she contends that she had indicated to the court that she intended to voluntarily dismiss the case if the trial court declined to reconsider the dismissal of her appeal or to designate the dismissal pursuant to R.C. 4112.06 as a final appealable order. She argues that the court abused its discretion in denying her the right to voluntarily dismiss the case.
 {¶ 28} We agree with Ramudit's contention that a plaintiff has an absolute right to dismiss the action any time before trial. See Sturm v.Sturm (1992), 63 Ohio St.3d 671, 675, 590 N.E.2d 1214; Daeger v. ADTSecurity Systems, Mid-South, Inc. (Oct. 5, 1994), 1st Dist. No. 930687. But the record does not show that Ramudit ever exercised that right, and to some extent her actions were inconsistent with seeking to dismiss the case.
 {¶ 29} She claims that she gave notice to the trial court's bailiff that she intended to voluntarily dismiss her case. But the record does not contain any mention of her notifying the court of this intention. A reviewing court cannot decide an appeal on the basis of matters outside the record. State v. Ishmail (1978), 54 Ohio St.2d 402, 405-406,377 N.E.2d 500; Firstar Bank, N.A. v. First Service Title Agency, Inc.,
1st Dist. No. C-030641, 2004-Ohio-4509, ¶ 7. Because Ramudit has failed to meet her burden of showing error by reference to matters in the record, we cannot reverse the trial court's judgment on this basis. SeeKnapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199,400 N.E.2d 384; Wheeler v. Girvin (Apr. 9, 1999), 1st Dist. No. C-980302.
 {¶ 30} Second, Ramudit argues that the trial court erred in granting Fifth Third's motion for summary judgment when it did not timely file evidence to support that motion. She states that had the evidence been timely filed, she "could have filed rebuttal evidence, including seven depositions not considered by the Court of various co-workers and supervisors. As it was, there was no need to put anything into evidence, as [Fifth Third] failed to do so in a timely fashion."
 {¶ 31} We agree that Ramudit was not given an adequate opportunity to respond to Fifth Third's motion for summary judgment, but not for the reasons she states. The record shows that Fifth Third's motion, along with some supporting evidentiary documents, was filed on September 15, 2003, as the trial court's scheduling order required. The depositions supporting the motion were filed on September 17, 2003. We do not believe that this two-day delay severely prejudiced Ramudit.
 {¶ 32} The problem in this case is that the trial court granted Fifth Third's motion on September 24, 2003, only nine days after the motion was filed, without a hearing. Although the trial court need not hold a formal, oral hearing before ruling on a motion for summary judgment, it must give the nonmoving party an adequate opportunity to respond. Hootenv. Safe Auto Ins. Co., 100 Ohio St.3d 8, 2003-Ohio-4829, 795 N.E.2d 648, ¶ 14 and 34; Bombardier Capital, Inc. v. W.W. Cycles, Inc.,155 Ohio App.3d 484, 2003-Ohio-6716, 801 N.E.2d 900, ¶ 34.
 {¶ 33} The Ohio Supreme Court has interpreted the provisions of Civ.R. 56 and Loc.R. 14 of the Hamilton County Court of Common Pleas and has set forth the procedure to be followed in summary-judgment cases when the trial court does not hold a formal, oral hearing. It has stated, "Once a motion for summary judgment is filed with the court, the responding party has ten days after service of the motion to file and serve a response. The trial court may extend the time to file a response on its own initiative, upon reviewing affidavits filed by the opposing party under Civ.R. 56(F), or pursuant to a general motion for an extension of time. * * * If no extension is granted, the earliest possible hearing date is 14 days after service of the motion under Civ.R. 56(C). Therefore, all parties should have their affidavits and other Civ.R. 56(C) materials filed by the day before that time or seek approval from the court to file later. The party that does not file a response to a motion for summary judgment within ten days and does not file its Civ.R. 56 materials within at least 13 days of service of the motion risks a judgment rendered merely on the pleadings under Civ.R. 56(E)." Hooten,
supra, at ¶ 41.
 {¶ 34} Consequently, Ramudit had ten days to file a memorandum in response to Fifth Third's motion and thirteen days to file her own evidentiary materials. In granting Fifth Third's motion after only nine days, the court deprived Ramudit of an adequate time to respond and to present her evidence. Accordingly, we sustain Ramudit's fourth assignment of error and reverse the trial court's decision granting summary judgment in favor of Fifth Third.
 {¶ 35} In sum, we reverse the trial court's entry of summary judgment for Fifth Third and remand the case to the trial court for further proceedings consistent with this decision so that Ramudit may go forward with an amended complaint.
Judgment reversed and cause remanded.
Painter and Sundermann, JJ., concur.