[Cite as *Worley v. Newton Falls School Bd. of Edn.*, 2014-Ohio-5385.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| JENIFER WORLEY, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | CASE NO. 2014-T-0024 |
| NEWTON FALLS EXEMPTED VILLAGE SCHOOL BOARD OF EDUCATION, et al., | : | |
| Defendants-Appellees. | : | |
| | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2013 CV 01792.

Judgment: Reversed and remanded.

*Ned C. Gold, Jr.* and *Mark M. Mikhaiel,* Ford, Gold, Kovoor & Simon, LTD., 8872 East Market Street, Warren, OH 44484 (For Plaintiff-Appellant).

*Jessica K. Philemond* and *Derek L. Towster,* Scott, Scriven & Wahoff, LLP, The Midland Building, 250 East Broad Street, #900, Columbus, OH 43215 (For Defendants-Appellees).

DIANE V. GRENDELL, J.

{¶1}   Plaintiff-appellant, Jenifer Worley, appeals the Judgment of the Trumbull County Court of Common Pleas, granting summary judgment in favor of defendants-appellees, collectively Newton Falls Exempted Village School Board of Education, with respect to her claim of disability discrimination.  The issue before this court is whether the exhaustion requirement of R.C. 4112.14(C) applies to claims of disability discrimination.  For the following reasons, we reverse the decision of the court below.

{¶2} On August 29, 2013, Worley filed a Complaint against the Newton Falls Exempted Village School[1], asserting causes of action for Disability Discrimination pursuant to R.C. Chapter 4112 and Intentional and/or Negligent Infliction of Emotional Distress.

{¶3} On September 30, 2013, Newton Falls School filed its Answer.

{¶4} On January 31, 2014, Newton Falls School filed a Motion for Summary Judgment, pursuant to Civil Rule 56(C) based on Worley's failure "to exhaust her administrative remedies as required under R.C. § 4112.14(C) and R.C. § 2711.01." On February 20, 2014, Worley filed a Memorandum Opposing Defendants' Motion for Summary Judgment. On March 6, 2014, Newton Falls School filed a Reply in Support of its Motion for Summary Judgment. On March 14, 2014, Worley filed a Re-reply to Defendants' Reply in Support of its Motion for Summary Judgment.

{¶5} On March 20, 2014, the trial court issued a Judgment Entry, granting summary judgment in favor of Newton Falls School.

{¶6} On April 9, 2014, Worley filed her Notice of Appeal.

{¶7} On appeal, Worley raises the following assignments of error:

{¶8} "[1.] The trial court committed prejudicial error in granting defendants-appellees, Newton Falls Exempted Village School Board['s], motion for summary judgment based upon its opinion Mrs. Worley failed to exhaust her administrative remedies as required by R.C. 4112.14(C) (age discrimination formalities in the employment setting)."

{¶9} "[2.] The trial court committed prejudicial error in granting defendants-appellees['] motion for summary judgment based upon its ruling that Mrs. Worley had an

---

1. Other named defendants included: David J. Wilson, Paul Woodard, Michael Staton, Donald Baker, Brenda Koontz, David Rapczak, Debra Davis, and Edwin Ballas.

2

opportunity to previously arbitrate her action against defendants-appellees pursuant to R.C. 4112.14(C)."

{¶10} Pursuant to Civil Rule 56(C):

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  * * *  A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

{¶11} "[T]he determination of whether the trial court properly granted summary judgment below involves only questions of law and is considered on a *de novo* basis." *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

{¶12} The dispositive issue before this court is whether R.C. 4112.14(C) applies to claims of disability discrimination.

{¶13} In Ohio, it is "an unlawful discriminatory practice * * * [f]or any employer, because of the * * * disability * * * of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or

3

indirectly related to employment." R.C. 4112.02(A). "Whoever violates this chapter is subject to a civil action for damages, injunctive relief, or any other appropriate relief." R.C. 4112.99.

{¶14} The Ohio Supreme Court has observed that "R.C. 4112.99 functions as a gap-filling provision, establishing civil liability for violations of rights for which no other provision for civil liability has been made." (Citation omitted.) *Meyer v. United Parcel Serv., Inc.*, 122 Ohio St.3d 104, 2009-Ohio-2463, 909 N.E.2d 106, ¶ 27. Thus, "[a]n aggrieved party may, pursuant to R.C. 4112.99, institute an independent civil action to seek redress for discrimination on the basis of physical disability." *Elek v. Huntington Natl. Bank*, 60 Ohio St.3d 135, 137, 573 N.E.2d 1056 (1991), paragraph one of the syllabus. The Court has also observed that R.C. 4112.99 provides the sole civil remedy to redress discrimination based on disability under R.C. Chapter 4112. "[N]o other section of R.C. Chapter 4112 confers an alleged victim of handicap[2] discrimination the right to pursue a civil action." *Id.* at 137.

{¶15} In *Elek*, the plaintiff alleged that the defendant had "engaged in discriminatory practices in violation of R.C. 4112.02(A)." *Id.* at 136. The defendant moved the trial court to dismiss the complaint "upon the basis that [plaintiff] had failed to exhaust his administrative remedies," by not instituting administrative proceedings prior to filing his civil action. *Id.* at 135; *Smith v. Friendship Village of Dublin*, 92 Ohio St.3d 503, 506, 751 N.E.2d 1010 (2001). The Ohio Supreme Court subsequently interpreted *Elek* as holding that, "under R.C. 4112.99, an individual may institute an independent civil action for discrimination on the basis of physical handicap even though that

---

2. In 1999, R.C. 4112.02(A) was modified to substitute the word "disability" for "handicap." 1999 Am.H.B. No. 264.

4

individual has not invoked and exhausted his or her administrative remedies." *Smith* at 506.

{¶16} Newton Falls School's argument that Worley must exhaust her administrative remedies is based on R.C. 4112.14(C): "The cause of action described in division (B) of this section [for age discrimination] and any remedies available pursuant to sections 4112.01 to 4112.11 of the Revised Code shall not be available in the case of discharges where the employee has available to the employee the opportunity to arbitrate the discharge or where a discharge has been arbitrated and has been found to be for just cause."[3]

{¶17} Newton Falls School contends that Worley was under an obligation to arbitrate the discharge pursuant to her collective bargaining agreement, inasmuch as her discrimination claim is based on a violation of R.C. 4112.02(A), i.e., a remedy

---

3. The full text of this section reads:

**4112.14  Age discrimination by employers**

(A) No employer shall discriminate in any job opening against any applicant or discharge without just cause any employee aged forty or older who is physically able to perform the duties and otherwise meets the established requirements of the job and laws pertaining to the relationship between employer and employee.

(B) Any person aged forty or older who is discriminated against in any job opening or discharged without just cause by an employer in violation of division (A) of this section may institute a civil action against the employer in a court of competent jurisdiction. If the court finds that an employer has discriminated on the basis of age, the court shall order an appropriate remedy which shall include reimbursement to the applicant or employee for the costs, including reasonable attorney's fees, of the action, or to reinstate the employee in the employee's former position with compensation for lost wages and any lost fringe benefits from the date of the illegal discharge and to reimburse the employee for the costs, including reasonable attorney's fees, of the action. The remedies available under this section are coexistent with remedies available pursuant to sections 4112.01 to 4112.11 of the Revised Code; except that any person instituting a civil action under this section is, with respect to the practices complained of, thereby barred from instituting a civil action under division (N) of section 4112.02 of the Revised Code or from filing a charge with the Ohio civil rights commission under section 4112.05 of the Revised Code.

(C) The cause of action described in division (B) of this section and any remedies available pursuant to sections 4112.01 to 4112.11 of the Revised Code shall not be available in the case of discharges where the employee has available to the employee the opportunity to arbitrate the discharge or where a discharge has been arbitrated and has been found to be for just cause.

available pursuant to sections 4112.01 to 4112.11 of the Revised Code. Worley counters that R.C. 4112.14(C) properly applies only to age discrimination claims.

{¶18} In support, Newton Falls School relies on *Hopkins v. United Parcel Serv., Inc.,* 1st Dist. Hamilton No. C-990392, 2000 Ohio App. LEXIS 443 (Feb. 11, 2000). In *Hopkins*, the plaintiff brought a claim of race discrimination under R.C. Chapter 4112. *Id.* at 2. The Court of Appeals for the First District held that "[t]he plain language of [R.C. 4112.14(C)] indicates the General Assembly's intent to bar civil actions for age discrimination as well as 'other remedies available under this chapter' when the employee has the ability to arbitrate his claims." *Id.* at 5. The First District necessarily concluded that an age discrimination claim constituted a "remedy" within the context of R.C. Chapter 4112. *Id.* at 5-6 ("[t]o hold that the statute applies only to age-discrimination claims would in effect be to eliminate the language regarding 'other remedies,' a modification this court is not empowered to effectuate").

{¶19} A different conclusion was reached in *Luginbihl v. Milcor Ltd. Partnership*, 3rd Dist. Allen No. 1-01-162, 2002-Ohio-2188. In *Luginbihl*, the plaintiff raised a claim of handicap/disability discrimination in violation of R.C. 4112.02. *Id.* at ¶ 8. The Court of Appeals for the Third District concluded that "R.C. 4112.14(C) is not applicable to the case at bar nor to any non-age discrimination claim brought pursuant to R.C. 4112.99." *Id.* at ¶ 36. Unlike the First District, the court in *Luginbihl* did not consider the disability discrimination claim "a remedy under 4112.02 for there is no remedy provided therein." Rather, the plaintiff was "enforcing the 'thou shall not discriminate' language of R.C. 4112.02 ***through*** an action brought pursuant to R.C. 4112.99." (Emphasis sic.) *Id.* The Third District concluded that "[n]owhere in the language or the interpretation of the

6

statute could it be said that R.C. 4112.14(C) applies to actions brought pursuant to R.C. 4112.99." *Id.*

{¶20} The Third District also noted that R.C. 4112.14(C) was originally codified under R.C. Chapter 4101.17, as part of the Ohio Age Discrimination Statute, which barred "individuals [from] bring[ing] age discrimination claims to the court of common pleas when arbitration was available." *Id.* at ¶ 38. In 1995, this section was recodified as R.C. 4112.14(C). The court accepted the argument that "nothing about the recodification of the age discrimination statute suggests that the longstanding statutory limit on age-discrimination lawsuits in Ohio has now been extended to lawsuits involving all other forms of discrimination as well." *Id.*

{¶21} We find the Third District's decision in *Luginbihl* to be persuasive. The Third District's conclusion that "R.C. 4112.14(C) does not apply to any claim not sounding in age discrimination" brought pursuant to R.C. 4112.99, 2002-Ohio-2188, at ¶ 39, is consistent with the Ohio Supreme Court's pronouncements in *Elek* and *Smith*. In particular, *Elek* affirmed that R.C. 4112.99 was the only Revised Code section to confer a remedy to pursue a civil action for disability discrimination, and *Smith* interpreted *Elek* to mean that this remedy existed independent of any recourse to administrative remedies. *Elek*, 60 Ohio St.3d at 137, 573 N.E.2d 1056; *Smith*, 92 Ohio St.3d at 506, 751 N.E.2d 1010.

{¶22} *Luginbihl* has also been found persuasive by Ohio federal district courts. *Pingle v. Richmond Hts. Local School Dist. Bd. of Ed.*, N.D. Ohio No. 1:12-cv-02892, 2013 U.S. Dist. LEXIS 141194, 14 (Sept. 30, 2013) ("§ 4112.14(C) is properly limited to age discrimination claims, as its statutory history and placement in the 'age discrimination by employers' statute would suggest"); *Braud v. Cuyahoga Cty. Career*

7

*Ctr.*, N.D. Ohio No. 1:06 CV 1059, 2007 U.S. Dist. LEXIS 22526, 16 (Mar. 27, 2007) ("[t]here is no requirement that an administrative process be followed * * * prior to bringing suit under §§ 4112.02 and 4112.99 for handicap discrimination") (cases cited). No court has followed *Hopkins* for the proposition that R.C. 4112.14(C) applies to non-age discrimination claims.

{¶23} Finally, our decision to overturn the dismissal of Worley's claim is supported by the Ohio Supreme Court's decision in *Dworning v. Euclid*, 119 Ohio St.3d 83, 2008-Ohio-3318, 892 N.E.2d 420. In *Dworning*, a public employee filed suit alleging claims of, among other things, disability discrimination. *Id.* at ¶ 3. The defendants moved for summary judgment based on the plaintiff's failure to exhaust his administrative remedies. *Id.* at ¶ 4. The Supreme Court concurred with the plaintiff's position that "the statutory language of R.C. Chapter 4112 is clear and unambiguous," and does not require "a public employee to exhaust internal administrative remedies before filing a civil action against the employer." *Id.* at ¶ 7.

{¶24} The Supreme Court emphasized that "R.C. Chapter 4112 is remedial legislation designed to prevent and eliminate discrimination." *Id.* at ¶ 27; R.C. 4112.08 ("[t]his chapter shall be construed liberally for the accomplishment of its purposes"). The Court noted that the amendment of R.C. 4112.99, in 1987, created "two avenues of recovery under R.C. Chapter 4112: administrative relief through the OCRC [Ohio civil rights commission] or a civil suit filed in a court of common pleas." *Id.* at ¶ 30. Citing *Elek*, the Court stated that "an individual [may] file a civil action to remedy discrimination without having invoked the administrative remedies available through the OCRC," and citing *Smith*, that "the filing of a charge of discrimination with the OCRC does not preclude a person from filing a civil action under R.C. 4112.99." (Citations omitted.) *Id.*

8

{¶25} With respect to R.C. 4112.14(C), the Supreme Court held that "*for certain age discrimination claims*, the General Assembly has expressed its intent to prefer arbitration over other remedies when arbitration is available * * *, however, [it] has not manifested a similar intent for claims of other forms of discrimination." (Emphasis added.) *Id.* at ¶ 41. "[U]nless and until the General Assembly expressly incorporates an exhaustion requirement into R.C. Chapter 4112, we have no basis for requiring it as a matter of course to those workers who have available civil service remedies." (Citation omitted.) *Id.*

{¶26} The Supreme Court's ultimate holding in *Dworning* is equally applicable to Worley: "The protection of an individual's right to pursue private remedies is too central an aspect of Ohio's commitment to nondiscrimination to be limited to, or delayed by, an administrative process. * * * [A] public employee alleging employment discrimination in violation of R.C. Chapter 4112 need not exhaust the administrative remedy of appeal to a civil service commission before pursuing the civil action allowed in R.C. 4112.99." *Id.* at ¶ 43.

{¶27} Worley's assignments of error are with merit.

{¶28} For the foregoing reasons, the Judgment of the Trumbull County Court of Common Pleas, granting summary judgment in favor of Newton Falls School with respect to Worley's claim of disability discrimination, is reversed. This matter is remanded to the trial court for further proceedings consistent with this opinion. Costs to be taxed against the appellees.

CYNTHIA WESTCOTT RICE, J.,

COLLEEN MARY O'TOOLE, J.,

concur.