DILATUSH, APPELLANT, *v.* BOARD OF REVIEW, BUREAU OF UNEMPLOYMENT COMPENSATION, APPELLEE.

(No. 2492—Decided January 23, 1959.)

*Mr. Frank V. Dilatush,* in propria persona.
*Mr. Mark McElroy,* attorney general, for appellee.

*Per Curiam.* This is an appeal on questions of law from the judgment of the Common Pleas Court dismissing the appeal

of plaintiff, appellant herein, from an order of the Board of Review, Bureau of Unemployment Compensation.

The Common Pleas Court dismissed the appeal "for the reason that the jurisdiction of the Court of Common Pleas has not been properly invoked." Under the provisions of Section 4141.28, Revised Code, which controls appeals from the Board of Review, Bureau of Unemployment Compensation, the claimant may take an appeal from the decision of the board on rehearing. Under that section after the board renders its original decision, any interested party who is adversely affected may file notice with the board of the intention to appeal such order to the Court of Common Pleas and request a rehearing by the board. An appeal may be taken to the Common Pleas Court only after such rehearing. In the instant case an appeal was taken from the original decision of the board. There is no statutory provision for such appeal.

In *Zier* v. *Bureau of Unemployment Compensation,* 151 Ohio St., 123, 84 N. E. (2d), 746, the first paragraph of the syllabus is as follows:

"An appeal, the right to which is conferred by statute, can be perfected only in the mode prescribed by statute. The exercise of the right conferred is conditioned upon compliance with the accompanying mandatory requirements."

In *American Restaurant & Lunch Co.* v. *Glander, Tax Commr.,* 147 Ohio St., 147, the first paragraph of the syllabus is as follows:

"Where a statute confers the right of appeal, adherence to the conditions thereby imposed is essential to the enjoyment of the right conferred."

The provision in Section 4141.28, Revised Code, for a rehearing by the board before an appeal may be taken is not a denial of due process, as claimed by the appellant, but in furtherance of due process, and, therefore, is constitutional.

The appellant has not exhausted his administrative remedy, and the Common Pleas Court was without jurisdiction. The dismissal of the appeal for want of jurisdiction is not a dismissal for a mere technicality. Jurisdiction is a basic and fundamental prerequisite to any action by the court. When

there is a lack of jurisdiction, a dismissal of the action is the only proper order.

*Judgment affirmed.*

HORNBECK, P. J., WISEMAN and CRAWFORD, JJ., concur.