ABBYSHIRE CONSTRUCTION CO., APPELLEE, *v.* OHIO CIVIL RIGHTS COMM., APPELLANT.

(No. 32637—Decided February 28, 1974.)

*Messrs. Hartshorn, Thomas, Edelman & Fludine,* for appellee.

*Mr. William J. Brown,* attorney general, and *Mr. Kenneth Montlack,* for appellant.

WASSERMAN, J. This appeal is from the judgment of the Common Pleas Court of Cuyahoga County entered March 7, 1973. The basis of the action below originated in the charge affidavit of Kermit Croston, Complainant, filed December 29, 1965 with the Ohio Civil Rights Commission alleging that in December, 1965 the Abbyshire Construc-

tion Company and its president, L. F. Merrick, had refused to sell Complainant housing because of his race and color, in violation of R. C. 4112.02(H)(1).[1] Thereafter the Commission undertook administrative proceedings pursurant to R. C. 4112.05 resulting in the issuance on July 19, 1967 of its Findings of Fact, Conclusions of Law, and Order No. 39, finding that the Construction Company had refused to sell the Complainant housing because he is a Negro. The Commission, concluding such conduct to be a violation of R. C. 4112.02(H)(1), ordered the Construction Company to cease and desist and to take affirmative action, including an offer in writing to sell to Complainant any realty available to the general public.

On August 18, 1967, pursuant to R. C. 4112.06, the Construction Company filed its Petition for Judicial Review of Commission Order No. 39 in Common Pleas Court of Cuyahoga County, Case No. 848,535. On December 3, 1968, the Commission filed the transcript of the administrative proceedings with the court, and on March 10, 1972, by leave of court, the Commission filed its Answer and Counterclaim. The Commission requested declaratory judgment that its findings were supported by the evidence and enforcement of Order No. 39 against the Construction Company, consistent with R. C. 4112.06(A).

At a pretrial conference on March 7, 1973 the Construction Company, the plaintiff, requested the court to dismiss its action. The court granted the request over the Commission's objection as follows: "On application of the plaintiff this cause is dismissed without prejudice at plaintiff's costs for which judgment is rendered. No record." (*See* Journal Entry.) The court concluded as a matter of law "that the plaintiff has a right under the law to dismiss its appeal before hearing." (*See* Findings of Fact and Conclusions of Law.)

---

[1] This section proscribes as unlawful and discriminatory the refusal to sell housing accommodation because of a prospective owner's race. Mr. and Mrs. Croston had attempted without success to purchase a new home from Abbyshire Construction Co. on several occasions from October through December of 1965,

Appellant-Commission[2] assigns as error the court's dismissal of the action without ruling on the counterclaim.

From the provisions of Civ. R. 1(A), (C) and Civ. R. 86(A) it is clear that the Ohio Rules of Civil Procedure apply to the present action, and, therefore Civ. R. 41(A) governs the voluntary dismissal by the plaintiff-appellee. The limiting provisions of Civ. R. 41(A) are: "(1) . . . an action may be dismissed by the plaintiff without order of court (a) by filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by the defendant . . .," and "(2) *By order of court.* Except as provided in subsection (1) an action shall not be dismissed at the plaintiff's instance except upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court."

Ohio's Civ. R. 41 is identical to its Federal counterpart. However, as the Federal rule's parallel provisions relating to the pendency of counterclaims have special applicability to Federal jurisdictional problems not present in state court procedure, further discussion of the effect of Ohio Civ. R. 41(A) is in order. Furthermore, there is a dearth of Ohio case law interpreting Civ. R. 41(A).

Statutory provisions immediately preceding Civ. R. 41(A) are R. C. 2323.05 and 2323.06, respectively titled "Action dismissed without prejudice" and "Defendant's claim proceed to trial." These sections were repealed as superseded by the Civil Rules by §1 of Amended House Bill 1201, effective July 1, 1971. (*See* 133 Ohio Laws 3017.) Under these pre-Rules statutes it was clear that a plain-

---

[2] R. C. 4112.061(A) empowers the Commission to appeal the adverse judgment as it had sought declaratory judgment and enforcement of its Order No. 39 in the counterclaim consistent with R. C. 4112.06(A) which was dismissed.

tiff could freely dismiss his action without prejudice at any time prior to final submission to the trier of fact. R. C. 2323.05(A). But it was also equally clear that the filing of a counterclaim denied plaintiff this absolute right to dismiss, the ability to dismiss his action now being qualified to the extent that the defendant's counterclaim must proceed to a trial. R. C. 2323.05, 2323.06; see *Karam* v. *McElroy* (1952), 116 Ohio App. 288, 290-91. This proposition was also recognized in the General Code and its predecessors based upon the basic inequity of permitting a plaintiff to dismiss the entire action where a defendant has interposed a valid claim for relief. G. C. 11586, 11587; see *Hoffman* v. *Knaus* (App., 1952), 72 Ohio Law Abs. 389, 390. *See also* Code of Procedure, §373; *Higgins* v. *McCrea* (1886), 116 U. S. 671, 683-84; *Wiswell* v. *First Congregational Church* (1862), 14 Ohio St. 31, 34.

Civil Rule 41(A) circumscribes much of the liberality of the plaintiff's right of dismissal, subjecting the right to, among other considerations, "such terms and conditions as the court deems proper." See 1970 Staff Note; *cf. Grivas* v. *Parmelee Transportation Co.* (7th Cir. 1953), 207 F. 2d 334, *cert. denied* (1954), 347 U. S. 913. The plaintiff's right to dismiss, however, has always been limited by the pendency of a counterclaim, thus regardless of whether plaintiff is permitted to dismiss or not a proper counterclaim shall not be thereby precluded from proceeding to a trial on its own merits.

The court below dismissed the cause on application of the Construction Company, reasoning quite simply that the plaintiff, before a hearing has such a right under the law. We must presume this is meant to be a motion to dismiss at plaintiff's instance pursuant to Civ. Rule 41(A) (2). The file in this case is devoid of any notice of dismissal by the plaintiff pursuant to Rule 41(A)(1)(a) so therefore we must conclude that the action of the court was taken under Rule 41(A)(2) if in fact it was taken cognizant of any of the civil rules. It is an oversimplification under both pre- and post-civil rules procedure to say, as the court did that the plaintiff had a "right under the law to dismiss its appeal before hearing" aware, as it must have been, of

the pendency of a counterclaim. The defendant's rights under the law, however, include the prosecution of its counterclaim without resort to a separate filing.

Absent the inapplicable jurisdictional questions, Federal interpretation of their Rule 41(a)(2) should guide our application of this rule. As it has been very simply stated, as long as the court has jurisdiction of the parties and of the controversy, the counterclaim may remain pending for independent adjudication by the court. *See U. S. for use and benefit of Fairbanks Morse & Co. v. Bero Construction Corp.* (S. D. N. Y. 1957), 23 F. R. Serv. 522, 523. Notwithstanding a court's determination in its sound discretion that plaintiff's application for dismissal should be granted, that court retains jurisdiction over the properly asserted counterclaim which the defendant may then pursue in that court. *See Angelucci v. Continental Radiant Glass Heating Corp.* (E. D. Pa. 1971), 14 F. R. Serv. 2d 1435. Furthermore, a counterclaim for declaratory relief is proper and valid and should not for that reason alone be subject to dismissal with plaintiff's claim when he so moves the court. *Cf. McGraw-Edison Co. v. Preformed Line Products Co.* (9th Cir. 1966), 362 F. 2d 339, 342-43. But the Commission's counterclaim requests affirmative relief in the enforcement of its Order as well as declaratory judgment and therefore by virtue of R. C. 4112.06(A) satisfies its jurisdictional basis and should have proceeded to its independent adjudication, especially in light of the seven year time span since the filing of the charge affidavit with the Commission. *See Nixon Construction Co. v. Frick Co.* (S. D. N. Y. 1968), 12 F. R. Serv. 2d 981, 983. Moreover, the official Ohio Staff Notes to Civ. R. 41(A)(2) on this narrow provision bear out Judge Friendly's comment that in these cases "the language of the Rule is unqualified." *Semmes Motors, Inc., v. Ford Motor Co.* (2nd Cir. 1970), 429 F. 2d 1197, 1202, n. 7.

This court must therefore conclude that the judgment appealed from is contrary to law in that it failed to recognize the long-established principle that counterclaims are not extinguished by a court's otherwise proper grant of a dismissal for the plaintiff. This is the purpose

of Civ. R. 41(A)(2) pertinent to the present appeal. To hold otherwise would afford the plaintiff an obvious array of abuses against his chosen defendant given a plaintiff's ability to continually refile then dismiss his action.

We shall briefly comment on appellant-Commission's argument that this court has the jurisdiction to and should in all fairness enforce its Order No. 39, the subject of the counterclaim at issue. We conclude that consistent with R. C. 4112.06(A), 4112.061(A) and App. R. 12(B) this Court is without jurisdiction to make any final determination as to the merits of Commission Order No. 39. There was no trial on the merits below and this indeed is the error assigned to this Court. Therefore we must reverse the final judgment and remand to the Common Pleas Court for further proceedings on appellant's counterclaim consistent with this opinion.

*Judgment reversed.*

CORRIGAN and DAY, JJ., concur.

WASSERMAN, J., retired, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.