**DONN, INC., Appellant,**

v.

**OHIO CIVIL RIGHTS COMMISSION et al., Appellees.**

[Cite as *Donn, Inc. v. Ohio Civil Rights Comm.* (1991), 68 Ohio App.3d 561.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 58390.

Decided May 2, 1991.

562

*Clary, Nantz, Wood, Hoffius, Rankin & Cooper* and *Sheila A. Kinney,* for appellant.

*Lee I. Fisher,* Attorney General, and *Larry Y. Chan,* for appellee Ohio Civil Rights Commission.

*Roy M. Kaufman,* for appellee Robert Walker.

---

PATTON, Judge.

Plaintiff-appellant, Donn, Inc., appeals from the trial court's granting of defendants-appellees' motion to dismiss.

Appellant petitioned for review of the Ohio Civil Rights Commission's decision holding that appellant had illegally discriminated against complainant-appellee Robert Walker on the basis of physical handicap. Appellant filed a petition for review in the Court of Common Pleas of Cuyahoga County pursuant to R.C. 4112.06 on October 4, 1987. The petition named appellee Ohio Civil Rights Commission (the "commission") but neglected to name appellee Walker. It is undisputed that only the Civil Rights Commission was served. Walker was not properly served with appellant's petition.

On May 26, 1989, appellant filed a motion to amend the petition to name Walker. Walker received a copy of the amended petition naming him as an additional party on June 2, 1989.

Motions to dismiss were filed by the commission and Walker. On August 8, 1989, the common pleas court dismissed appellant's appeal. Appellant now brings this appeal.

Appellant raises the following issue in its first assignment of error:

"The Ohio Civil Rights Commission's conclusions of law are not supported by reliable, probative, and substantial evidence."

The issues raised in appellant's first assignment of error are not properly before this court. We are, therefore, unable to reach the merits of appellant's first assignment due to the fact that we lack jurisdiction over such claims.

The jurisdiction of a court of appeals is delineated in R.C. 2501.02. It provides in relevant part:

" * * * In addition to the original jurisdiction conferred by Section 3 of Article IV, Ohio Constitution, the court shall have jurisdiction:

"Upon an appeal upon questions of law to review, affirm, modify, set aside, or reverse judgments or final orders of courts of record inferior to the court of appeals within the district, including the finding, order, or judgment of a

juvenile court that a child is delinquent, neglected, abused, or dependent, for prejudicial error committed by such lower court."

In the present case the only final order which is properly before this court is the trial court's order granting the appellees' motions to dismiss. In granting the motions to dismiss, the trial court did not reach the merits of appellant's claim. Given that the scope of our review is confined to judgments or final orders of inferior courts within the district, we are unable to address appellant's first assignment of error.

Appellant's second assignment of error states:

"The trial court improperly granted the appellees' motions to dismiss because *City of Cleveland v. Ohio Civil Rights Commission* is not dispositive."

■ Appellant attempts to distinguish *Cleveland v. Ohio Civil Rights Comm.* (1988), 43 Ohio App.3d 153, 540 N.E.2d 278, from the present case. In the alternative, appellant argues that the reasoning in *Cleveland, supra,* is suspect and, therefore, should be overruled. We are not persuaded.

R.C. 4112.06 sets forth the mandatory procedure for obtaining judicial review of a decision of the Ohio Civil Rights Commission. It provides in pertinent part:

"(A) Any complainant, or respondent claiming to be aggrieved by a final order of the commission, including a refusal to issue a complaint, may obtain judicial review thereof, and the commission may obtain an order of court for the enforcement of its final orders, in a proceeding as provided in this section. * * *

"(B) Such proceedings shall be initiated by the filing of a petition in court as provided in division (A) of this section and the service of a copy of the said petition upon the commission and upon all parties who appeared before the commission. Thereupon the commission shall file with the court a transcript of the record upon the hearing before it. The transcript shall include all proceedings in the case, including all evidence and proffers of evidence. The court shall thereupon have jurisdiction of the proceeding and of the questions determined therein, and shall have power to grant such temporary relief or restraining order as it deems just and proper and to make and enter, upon the record and such additional evidence as the court has admitted, an order enforcing, modifying and enforcing as so modified, or setting aside in whole or in part, the order of the commission."

■ Where a right of appeal is conferred by statute, strict adherence to the statutory conditions is essential for the enjoyment of that right. *In re Claim of King* (1980), 62 Ohio St.2d 87, 88, 16 O.O.3d 73, 73, 403 N.E.2d 200, 201;

*American Restaurant & Lunch Co. v. Glander* (1946), 147 Ohio St. 147, 34 O.O. 8, 70 N.E.2d 93.

This court has held that an action for judicial review pursuant to R.C. 4112.06 may be commenced only by proper service through the clerk of courts in accordance with Civ.R. 3 and 4. *Cleveland v. Ohio Civil Rights Comm., supra; Garfield Heights v. Asad* (Nov. 10, 1988), Cuyahoga App. No. 54615, unreported, 1988 WL 121060.

R.C. 4112.06(B) requires that a notice of judicial review proceedings be served upon "all parties who appeared before the commission." Civ.R. 3 and 4 further provide that a civil action is commenced by the filing of a complaint with the court and service upon the defendant through the clerk of courts within one year of filing.

In the present case, appellant failed to properly serve Walker in compliance with the mandates of R.C. 4112.06(B) and Civ.R. 3 and 4. Accordingly, the trial court acted properly in dismissing appellant's petition for review.

Appellant's second assignment of error is without merit and is overruled.

Appellant's third assignment of error states:

"R.C. 4112.06, as applied by the trial court in its dismissal of appellant's petition for judicial review, violates appellant's due process rights."

Appellant argues in its third assignment of error that the trial court's application of R.C. 4112.06 resulted in a violation of appellant's due process rights. We do not agree.

Due process mandates that prior to an administrative action which results in a deprivation of an individual's liberty or property, the governmental agency must afford that individual reasonable notice and an opportunity to be heard. *State, ex rel. Great Lakes College, Inc., v. Ohio State Medical Bd.* (1972), 29 Ohio St.2d 198, 58 O.O.2d 406, 280 N.E.2d 900. Moreover, this court has held that the failure to conform to a procedural prerequisite cannot be construed as a denial of due process. *Alcover v. Ohio State Medical Bd.* (Dec. 10, 1987), Cuyahoga App. No. 54292, unreported, 1987 WL 27517.

In the present case, R.C. 4112.06 provides the proper procedural mechanism to be followed by a complainant who is aggrieved by a final order of the commission. R.C. 4112.06(B) specifically requires "service of a copy of the said petition upon the commission and upon all parties who appeared before the commission." Appellant failed to properly comply with the procedural mandates of R.C. 4112.06. The fact that the appellant failed to comply with the procedural prerequisite cannot be construed as a denial of due process.

Accordingly, appellant's third assignment of error is without merit and is overruled.

Appellant's fourth assignment of error states:

"Appellees' motions to dismiss were improperly granted under the doctrine of estoppel."

Appellant argues that the doctrine of estoppel bars the Ohio Civil Rights Commission from claiming that Walker was a necessary party in appellant's petition for judicial review. Specifically, appellant argues that the commission's actions at the administrative level created the impression that Walker was not a party. However, estoppel cannot be relied on in this instance.

Estoppel does not apply against a state or its agencies in the exercise of a governmental function. *Chevalier v. Brown* (1985), 17 Ohio St.3d 61, 63, 17 OBR 64, 66, 477 N.E.2d 623, 625; *Besl Corp. v. Pub. Util. Comm.* (1976), 45 Ohio St.2d 146, 150, 74 O.O.2d 262, 264, 341 N.E.2d 835, 838.

In the present case, the Ohio Civil Rights Commission, a state agency, was participating in the exercise of a governmental function. Specifically, the commission was participating in the enforcement of the state's handicap discrimination laws. Accordingly, we find that the doctrine of estoppel is not applicable in the present case.

Accordingly, appellant's fourth assignment of error is without merit.

The judgment of the trial court granting the appellees' motions to dismiss is affirmed.

*Judgment affirmed.*

HARPER and PARRINO, JJ., concur.

THOMAS J. PARRINO, J., retired, of the Eighth Appellate District, sitting by assignment.