HAMBUECHEN, APPELLEE, v. 221 MARKET NORTH, INC., D.B.A. NAPOLI'S ITALIAN EATERY, APPELLEE; OHIO CIVIL RIGHTS COMMISSION, APPELLANT.

[Cite as *Hambuechen v. 221 Mkt. N., Inc.,*
143 Ohio St.3d 161, 2015-Ohio-756.]

(No. 2013–1603—Submitted July 8, 2014—Decided March 5, 2015.)

O'NEILL, J.

{¶ 1} This case presents a single question. In an R.C. 4112.06 action seeking judicial review of an order of the Ohio Civil Rights Commission, what is the deadline to perfect service of a copy of the petition upon all the parties? There is no reason to depart from the well-accepted principle that the Rules of Civil Procedure are applicable to actions brought pursuant to R.C. 4112.06. Appellant, the Ohio Civil Rights Commission, argues that if the party seeking judicial review of the order does not ensure that service by the clerk's office of the petition for review is initiated within 30 days, the commission may proceed to enforce its decision. It is undisputed by the parties that the petition for judicial review must be filed in the common pleas court within 30 days of the service of the commission's order. But as the Fifth District Court of Appeals correctly held, because R.C. 4112.06 does not set forth a specific deadline for serving the petition for judicial review on the other parties, and the Rules of Civil Procedure apply to actions commenced in common pleas courts pursuant to that section, there is no good reason not to apply Civ.R. 3(A) and 4. We agree.

{¶ 2} Pursuant to Civ.R. 3(A), service of the petition must be obtained within one year of the date that an action is filed. While it would have been simpler for the legislature to include a service deadline in R.C. 4112.06, the reality is that it did not. Therefore, since the statute is silent on the question of service, reliance on the Rules of Civil Procedure is clearly preferable to arbitrarily choosing a deadline.

### Facts and Procedural History

{¶ 3} The facts of this case are not in dispute. In March 2007, appellee Ana Hambuechen filed a charge with the Ohio Civil Rights Commission contending that her employment by appellee 221 Market North, Inc., d.b.a. Napoli's Italian Eatery, in Canton, Ohio, had been terminated because she became pregnant. The commission investigated the complaint and found that probable cause existed that an unlawful employment practice had occurred in violation of R.C. 4112.02(A). The matter proceeded to a trial before an administrative law judge. That judge recommended that the commission find that the employer had violated the law by firing Hambuechen. The commission adopted the administrative law judge's recommendation, and on November 15, 2012, issued an order finding that the employer had participated in a discriminatory practice in violation of R.C. Chapter 4112 and requiring the employer to offer Hambuechen reinstatement and back pay.

{¶ 4} On November 26, 2012, the employer filed a petition for judicial review in the Stark County Court of Common Pleas pursuant to R.C. 4112.06. On the petition, the employer's attorney certified that he had mailed copies of the petition to the commission and to attorneys for the commission and Hambuechen, but he did not file a praecipe for service on the parties with the clerk of the

common pleas court. On December 28, 2012, the commission moved to dismiss the petition for lack of subject-matter jurisdiction, arguing that the employer had failed to properly initiate service by the clerk within 30 days of the date the commission's order was mailed. On December 31, 2012, 35 days after the petition for review of the commission's order was filed, the employer filed a praecipe for service with the clerk of courts. The employer filed a response to the commission's motion to dismiss claiming that according to Civ.R. 3(A), service must be obtained within one year. The common pleas court granted the commission's motion to dismiss after concluding that the petition for review was not timely served on the parties.

{¶ 5} The employer appealed the common pleas court's decision to the Fifth District Court of Appeals on March 5, 2013. The Fifth District reversed the decision of the common pleas court, holding that under the Rules of Civil Procedure, the employer had one year to perfect service through the clerk of the common pleas court. 5th Dist. Stark No. 2013CA00044, 2013-Ohio-3717, 2013 WL 4680453. The matter was remanded to the court to reinstate the appeal. The commission has now appealed the Fifth District's judgment.

## Analysis

{¶ 6} The sole question in this appeal is whether a party has one year to obtain service of a petition to review an order of the Ohio Civil Rights Commission. We agree with the Fifth District that the one-year deadline is correct. R.C. 4112.06 provides:

> (A) Any complainant, or respondent claiming to be aggrieved by a final order of the commission, including a refusal to issue a complaint, may obtain judicial review thereof, and the commission may obtain an order of court for the enforcement of its final orders, in a proceeding as provided in this section. Such proceeding shall be brought in the common pleas court of the state within any county wherein the unlawful discriminatory practice which is the subject of the commission's order was committed or wherein any respondent required in the order to cease and desist from an unlawful discriminatory practice or to take affirmative action resides or transacts business.

> (B) Such proceedings shall be initiated by the filing of a petition in court as provided in division (A) of this section and the service of a copy of the said petition upon the commission and upon all parties who appeared before the commission. * * *

> * * *

(H) If no proceeding to obtain judicial review is instituted by a complainant, or respondent within thirty days from the service of order of the commission pursuant to this section, the commission may obtain a decree of the court for the enforcement of such order upon showing that respondent is subject to the commission's jurisdiction and resides or transacts business within the county in which the petition for enforcement is brought.

{¶ 7} Like most statutes addressing an appeal from an order of a state agency, this statute does not set forth a deadline for initiating service. Civ.R. 1(A) states, "These rules prescribe the procedure to be followed in all courts of this state in the exercise of civil jurisdiction at law or in equity * * *." The Staff Notes to the July 1, 1971 amendment to Civ.R. 1(C) provide: "[T]he Civil Rules will be applicable to special statutory proceedings adversary in nature unless there is a good and sufficient reason not to apply the rules." Hence, the Rules of Civil Procedure should be applied here because there is no good and sufficient reason not to apply those rules. The General Assembly chose not to specify a time limit other than the one prescribed by the Rules of Civil Procedure and this court will not legislate from the bench.

{¶ 8} The Eighth District Court of Appeals has decided a case that, while not exactly on point, supports the general proposition that Civ.R 3(A) and 4 apply to parties in a proceeding under R.C. 4112.06. In *Cleveland v. Ohio Civ. Rights Comm.*, 43 Ohio App.3d 153, 540 N.E.2d 278 (8th Dist.1988), the city of Cleveland filed a petition for review of the commission's determination that Cleveland had discriminated against an employee based on a physical handicap. The city mailed a copy of the petition to each party by regular mail but did not attempt to obtain service through the clerk of courts. The court of common pleas dismissed the petition because Cleveland had failed to obtain service of the petition within one year as required by Civ.R. 3(A) and 4(A). The Eighth District reversed, stating:

The Rules of Civil Procedure apply to an action commenced in common pleas court pursuant to R.C. 4112.06. *Abbyshire Constr. Co. v. Civil Rights Comm.* (1974), 39 Ohio App.2d 125, 68 O.O.2d 319, 316 N.E.2d 893. R.C. 4112.06 is silent as to whether the petition initiating the appeal must be served through the clerk of courts. However, a *de novo* hearing of a Civil Rights Commission decision on the merits is clearly adversarial in nature. Therefore, Civ.R. 3(A) and Civ.R. 4(A) and (B) apply absent a good and sufficient reason not to apply those rules. We cannot find such good and sufficient reason.

*Id.* at 156.

{¶ 9} The same court reached a similar result years later in *Donn, Inc. v. Ohio Civ. Rights Comm.*, 68 Ohio App.3d 561, 589 N.E.2d 110 (8th Dist.1991). In that case, the court specifically held that "R.C. 4112.06(B) requires that a notice of judicial review proceedings be served upon 'all parties who appeared before the commission.' Civ.R. 3 and 4 further provide that a civil action is commenced by the filing of a complaint with the court and service upon the defendant through the clerk of courts within one year of filing." *Id.* at 565.

{¶ 10} The office of the clerk of courts exists for a reason. The use of a central office brings stability to the system. The judicial system and the public thus have a concrete method of knowing when a document has been filed, who has been served with that document, and how that document was served. As this court recently reasoned in *Clermont Cty. Transp. Improvement Dist. v. Gator Milford, L.L.C.*, 141 Ohio St.3d 542, 2015-Ohio-241, 26 N.E.3d 806, ¶ 2, "actual knowledge" is never a substitute for service by the clerk of courts. Accordingly, the employer was required to perfect service through the clerk of courts within one year of the filing of the petition for judicial review of this administrative decision. The employer did so in this case. Once the notice of appeal was timely filed in the court of common pleas, the action should not have been dismissed by the common pleas court for failure of service. The employer, like all litigants, had one year to perfect service.

## Conclusion

{¶ 11} Based upon the foregoing analysis, we agree with the conclusion reached by the court of appeals. The Rules of Civil Procedure apply to proceedings initiated pursuant to R.C. 4112.06; therefore, the petition for review of an order of the Civil Rights Commission must be served by a clerk of courts on all parties who appeared before the commission and on the commission itself within one year of the date that the petition was filed, as required by Civ.R. 3(A). Accordingly, we affirm the judgment of the Fifth District, and we remand the cause to the Stark County Common Pleas Court for further proceedings according to law and consistent with this opinion.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER and LANZINGER, JJ., concur.

O'DONNELL, KENNEDY, and FRENCH, JJ., concur separately.

———

FRENCH, J., concurring.

{¶ 12} Like the majority, I would affirm the judgment of the Fifth District Court of Appeals and remand this matter to the court of common pleas for further proceedings on the petition for judicial review filed by appellee, 221 Market North, Inc., d.b.a. Napoli's Italian Eatery ("Napoli's"). But because I reach that result based upon the plain language of R.C. 4112.06, and not upon application of the Ohio Rules of Civil Procedure, I concur separately.

{¶ 13} Napoli's filed a timely petition for judicial review of a final order of the Ohio Civil Rights Commission and certified that it had mailed copies of the petition to the commission and to attorneys for the commission and Ana Hambuechen by regular mail. Thirty-five days after filing its petition, and after the commission moved for dismissal, Napoli's filed a praecipe for service by the clerk of court. The common pleas court dismissed the petition based on its conclusion that the commission and the parties who appeared before the commission were not timely served, as required by R.C. 4112.06(B). The Fifth District reversed, holding that Civ.R. 3(A) affords Napoli's one year after filing its petition to perfect service through the clerk of court. 2013-Ohio-3717, 2013 WL 4680453. The majority agrees with the Fifth District that Civ.R. 3(A) applies, that service by the clerk is required under R.C. 4112.06, and that a petitioner has one year after filing a petition to accomplish service.

{¶ 14} When a right to appeal is conferred by statute, the appeal can be perfected only in the mode prescribed by statute. *Ramsdell v. Ohio Civ. Rights Comm.*, 56 Ohio St.3d 24, 27, 563 N.E.2d 285 (1990). R.C. 4112.06 confers a right to appeal and obtain judicial review of a final order of the commission. Proceedings under R.C. 4112.06 "shall be initiated by the filing of a petition in [the common pleas] court * * * and the service of a copy of the said petition upon the commission and upon all parties who appeared before the commission." R.C. 4112.06(B). The court obtains jurisdiction upon the filing and service of the petition and the commission's subsequent filing of the record. *Id.*

{¶ 15} R.C. 4112.06 does not explicitly state when a petitioner must file a petition or when and how service of the petition must be made. This court, however, has held that a petition for judicial review under R.C. 4112.06 must be filed within 30 days of service of the commission's order. *Ramsdell* at 25. We reached that conclusion based on R.C. 4112.06(H)'s authorization for the commission to obtain a decree for enforcement of its order if no proceeding for judicial review is commenced within 30 days from service of the commission's order. "[S]uch an interpretation necessarily follows from the practical operation of the statute." *Ramsdell* at 25.

{¶ 16} The questions now before this court are when and how service of a petition under R.C. 4112.06 must be made. The majority broadly applies Civ.R.

3(A) and 4 to hold that a copy of an R.C. 4112.06(A) petition must be served by the clerk of the common pleas court within one year after the petition is filed.

{¶ 17} The Rules of Civil Procedure, "to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure (1) upon appeal to review any judgment, order or ruling [and] (7) in * * * special statutory proceedings." Civ.R. 1(C). *See also Ramsdell* at 27 (considering whether Civ.R. 6(E)'s three-day mail rule applied to the time for filing a petition under R.C. 4112.06).

{¶ 18} The parties' arguments focus primarily on whether Civ.R. 3(A)'s one-year service period for purposes of commencing a civil action applies to proceedings under R.C. 4112.06, but this case also raises the question whether service of an R.C. 4112.06 petition must be made by the clerk of court. Despite the commission's argument that that issue is not before this court because Napoli's did not contest it below, the requirements for obtaining judicial review under R.C. 4112.06 are jurisdictional and may not be waived. *Ramsdell* at 27–28; *VeriFone, Inc. v. Limbach,* 69 Ohio St.3d 699, 635 N.E.2d 377 (1994) (statutory filing requirements are jurisdictional and cannot be waived).

{¶ 19} By its own terms, Civ.R. 3(A) is inapplicable to proceedings under R.C. 4112.06. The rule addresses commencement of a "civil action" and states that commencement occurs "by filing a complaint * * * if service is obtained within one year from such filing upon a named defendant." Civ.R. 3(A). But R.C. 4112.06 does not refer to its review process as a "civil action," nor does the prescribed procedure for obtaining review involve the filing of a complaint. Consequently, Civ.R. 3(A) does not apply to a petition for judicial review under R.C. 4112.06.

{¶ 20} Civ.R. 4(A), which requires the clerk of court, upon the filing of a complaint, to "forthwith issue a summons for service upon each defendant listed in the caption," is similarly inapplicable. The clerk's duty under Civ.R. 4(A) arises only upon the filing of a complaint, which is not part of the statutory procedure under R.C. 4112.06. Further, R.C. 4112.06 does not state that a clerk of court must serve copies of the petition, nor does it refer to the issuance of a summons or praecipe for service; it simply states that proceedings "shall be initiated by the filing of a petition in court * * * and the service of a copy of the said petition." R.C. 4112.06(B). The statute does not indicate that different entities must complete the acts of filing and serving. Indeed, reading the statute to require that the petitioner file the petition, but that the clerk serve the petition, requires the reader to infer a change in the unidentified subject of the sentence. Reading R.C. 4112.06 according to its plain meaning, and accepting that the General Assembly did not intend different subjects in its single-sentence requirements of filing and service, I conclude that R.C. 4112.06 does not require

service by the clerk of courts and that the mail service by Napoli's attorney perfected the initiation of proceedings for judicial review.

{¶ 21} For these reasons, I concur, albeit on different grounds, in the majority's judgment affirming the Fifth District's reversal.

O'DONNELL and KENNEDY, JJ., concur in the foregoing opinion.

---

Michael DeWine, Attorney General, Eric E. Murphy, State Solicitor, Stephen Carney and Jeffrey Jarosch, Deputy Solicitors, and Wayne Williams, Assistant Attorney General, for appellant.

Stanley Rubin, for appellee 221 Market North, Inc., d.b.a. Napoli's Italian Eatery.