[Cite as *Hambuechen v. 221 Market N., Inc.*, 2017-Ohio-8998.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| ANA M. HAMBUECHEN | : | | JUDGES: |
| | : | | Hon. John W. Wise, P.J. |
| Complainant - Appellee | : | | Hon. Craig R. Baldwin, J. |
| | : | | Hon. Earle E. Wise, J. |
| -vs- | : | | |
| | : | | |
| 221 MARKET NORTH, INC., | : | | Case No. 2016CA00216 |
| DBA NAPOLI'S ITALIAN EATERY | : | | |
| | : | | |
| Respondent- Appellant | : | | O P I N I O N |

CHARACTER OF PROCEEDING:               Appeal from the Stark County Court
                                       of Common Pleas, Case No. 2012-
                                       CV-3644

JUDGMENT:                              Reversed and Remanded

DATE OF JUDGMENT:                      December 11, 2017

APPEARANCES:

For Complainant-Appellee                For Respondent-Appellant
Ohio Civil Rights Commission
                                        STANLEY R. RUBIN
WAYNE D. WILLIAMS                       437 Market Avenue North
Principal Assistant Attorney General    Canton, Ohio 44702
615 West Superior Avenue, 11th Fl.
Cleveland, Ohio 44113

For Complainant-Appellee

TODD W. EVANS
1301 Farrell St. SE
North Canton, Ohio 44720

*Baldwin, J.*

{¶1} Respondent-appellant 221 Market Avenue North, Inc. appeals from the October 31, 2016 Judgment Entry and Order from the Stark County Court of Common Pleas.

STATEMENT OF THE FACTS AND CASE

{¶2} On March 15, 2007, appellee Ana Hambuechen ("Hambuechen") filed a charge affidavit with appellee Ohio Civil Rights Commission ("Commission") alleging that her employment as a server by appellant, 221 Market North, Inc., d.b.a. Napoli's Italian Eatery ("Napoli's"), had been unlawfully terminated because she became pregnant. The Commission investigated the complaint and, on July 19, 2007, found probable cause existed that an unlawful employment practice had occurred in violation of R.C. 4112.02(A).

{¶3} On September 13, 2007, the Commission filed a complaint and notice of hearing, requesting a finding that appellant had violated R.C. 4112.02(A). Appellant filed an answer on October 31, 2007. The matter proceeded to a trial before an administrative law judge ("ALJ") on November 19, 2008.

{¶4} The ALJ found that the employer had discriminated against Hambuechen on the basis of sex and recommended that the Commission find that appellant had violated the law by firing Hambuechen. The ALJ further recommended the following: the Commission order appellant to cease and desist from all discriminatory practices in violation of R.C. 4112; the Commission order appellant to make an offer of employment to Hambuechen for the position of server; and the Commission order appellant to pay Hambuechen back pay at the amount she would have earned had she been employed

as a server as of December 6, 2006 and until the offer of employment, less interim earnings.

{¶5} Appellant filed objections to the ALJ's report and recommendations on April 9, 2012. The Commission adopted the ALJ's recommendation and, on November 15, 2012, issued a final order adopting the ALJ's report.

{¶6} On November 26, 2012, appellant filed a Petition for Judicial Review pursuant to R.C. 4112.06 with the Stark County Court of Common Pleas, arguing that the Commission's order was contrary to law, constituted an abuse of discretion, and was not supported by reliable and probative evidence. The Commission filed a Motion to Dismiss on December 28, 2012, contending that appellant had failed to initiate service on the parties through the Clerk of Courts within thirty (30) days. The trial court granted the Commission's Motion to Dismiss on February 19, 2013.

{¶7} Appellant then appealed the trial court's February 2013 Judgment Entry to this Court. In *Hambuechen v. 221 Market North, Inc.,* 5th Dist. Stark No. 2013CA00044, 2013-Ohio-3717, this Court reversed the decision of the trial court and found that the trial court had erred in dismissing appellant's Petition for Judicial Review on the basis that service of the petition was not obtained through the Clerk of Courts within thirty (30) days. The Ohio Supreme Court affirmed the judgment in *Hambuechen v. 221 Market North, Inc.,* 143 Ohio St.3d 161, 2015-Ohio-756, 35 N.E.3d 502 , and remanded the case to the Stark County Court of Common Pleas.

{¶8} When the case was returned to the trial court, the parties filed briefs. The trial court issued a Judgment Entry on August 14, 2015. The trial court found the ALJ's

decision was supported by reliable, probative, and substantial evidence, and sustained and enforced the determination of the Commission.

**{¶9}** Appellant appealed. Pursuant to an Opinion filed on May 23, 2016 in *Hambuechen v. 221 Market North, Inc.*, 5th Dist. Stark No. 2015CA00161, 2016 -Ohio- 3156, this Court affirmed the judgment of the trial court.

**{¶10}** Thereafter, on September 12, 2016, the Commission and Hambuechen filed a "Joint Motion for Show Cause Order and Request to Place Any Sale Proceeds from Business into Escrow." The motion alleged that appellant had failed to make an offer of employment to Hambuechen or otherwise provide her back pay relief as set forth in the November 15, 2012 Commission's order. The motion further alleged that appellant had put its business up for sale and asked that the show cause order contain a provision requiring all proceeds from the sale to remain in escrow. A copy of the motion was served on appellant's counsel, but not appellant, by regular mail. A show cause order was filed on September 15, 2016 ordering appellant to appear in court on October 7, 2016 to show cause why appellant should not be held in contempt and also ordering that if appellant's business was sold, all proceeds would be held in escrow until further order of the court. Appellant's counsel, but not appellant, was served with a copy of the show cause order by certified mail on September 19, 2016.

**{¶11}** A show cause hearing was held on October 7, 2016. Neither appellant nor its counsel appeared for the hearing. At the hearing, the trial court indicated that it had contacted the office of appellant's counsel and was informed that he was not in the office and had canceled the hearing on his calendar. The trial court further indicated that it had been unable to reach appellant's counsel to determine why he did not appear.

{¶12} Pursuant to a Judgment Entry and Order filed on October 31, 2016, the trial court ordered appellant to offer Hambuechen reinstatement to her position as restaurant server by November 18, 2016. The trial court further stated that once Hambuechen was offered reinstatement, appellant had ten days within which to submit to the Commission a certified check payable to Hambuechen in the amount of $206,648.00. Finally, the trial court ordered that if appellant did not timely submit the check, judgment would be entered against appellant in the amount of $206,648.00.

{¶13} Appellant now appeals from the trial court's October 31, 2016 Judgment Entry and Order, raising the following assignment of error on appeal:

{¶14} THE COURT ERRED IN HOLDING A CONTEMPT HEARING WHEN ONLY THE ALLEGED CONTEMNOR'S ATTORNEY, AND NOT THE ALLEGED CONTEMNOR, RECEIVED NOTICE OF THE MOTION TO SHOW CAUSE AND THE ORDER SETTING THE HEARING DATE.

I

{¶15} Appellant, in its sole assignment of error, argues that the trial court erred in finding appellant in contempt since appellant did not receive notice of the Motion to Show Cause and the order setting the October 7, 2016 hearing date.

{¶16} As is stated above, on September 12, 2016, the Commission and Hambuechen filed a "Joint Motion to Show Cause Order and Request to Place Any Sale Proceeds from Business into Escrow." A copy of the motion was served on appellant's counsel, but never on appellant, the alleged contemnor.

{¶17} Contempt has been defined as the disregard for judicial authority. *State v. Flinn*, 7 Ohio App.3d 294, 455 N.E.2d 691 (9th Dist. 1982). "It is conduct which brings the

administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions." *Windham Bank v. Tomaszczyk*, 27 Ohio St.2d 55, 271 N.E.2d 815 (1971), paragraph one of the syllabus.

**{¶18}** Contempt may be classified as direct or indirect. *In re: Purola,* 73 Ohio App.3d 306, 310, 596 N.E.2d 1140 (3rd Dist.1991). Direct contempt occurs in the presence of the court, while indirect contempt occurs outside its immediate presence. *Id.* "An indirect contempt is one committed outside the presence of the court but which also tends to obstruct the due and orderly administration of justice." *In re Lands,* 146 Ohio St. 589, 595, 67 N.E. 433 (1946).In addition, "[c]ontempt is further classified as civil or criminal depending on the character and purpose of the contempt sanctions." *Purola* at 311. "Civil contempt is designed to benefit the complainant and is remedial in nature. * * * Thus, an individual charged with civil contempt must be permitted to appear before the court and purge himself of the contempt by demonstrating compliance with the court's order." *State v. Miller,* 5th Dist. Holmes App. No. 02 CA 16, 2003–Ohio–948, ¶ 28, citing *Purola,* supra. Due process must be observed in both civil and criminal contempt proceedings. See, e.g., *In re Oliver*, 333 U.S. 257, 274–275, 68 S.Ct. 499, 92 L.Ed. 682 (1948).

**{¶19}** We find this contempt to be indirect and civil in nature. The issue before us is whether service of the civil contempt motion was sufficient when made on appellant's attorney, rather than on appellant personally. The civil rules regarding notice apply when the contempt is civil in nature. *Bierce v. Howell,* 5th Dist. Delaware No. 06 CAF 05 0032, 2007–Ohio–3050.

{¶20} In *Ewing v. Ewing*, 5th Dist. Licking No. 06-CA-148, 2007 -Ohio- 7108, the plaintiff filed a contempt action against the defendant on October 31, 2005. The matter was to be considered during the course of the contested divorce. Prior to the hearing, counsel for the defendant proffered a motion to dismiss such motion based on the fact there had not been personal service of the contempt motion on the defendant. The trial court sustained the motion to dismiss.

{¶21} The plaintiff then appealed. This Court, in *Ewing*, in holding that the trial court did not err in granting the motion to dismiss, held as follows in paragraph 75:

> We have previously analyzed a similar issue in *Bierce v. Howell,* 5th Dist. No. 06 CAF 05 0032, 2007-Ohio-3050, in which we found that initial service of the motion for contempt in an indirect contempt situation must be served upon the party and not the party's attorney. *Id.* at ¶ 25; see also *Hansen v. Hansen* (1999), 132 Ohio App.3d 795, 726 N.E.2d 557; *James v. James* (Feb. 12, 1996), Butler App. Nos. CA95-08-147 and CA95-09-155, unreported, 1996 WL 56014 and *Thompson v. Houser* (June 25, 1991), Greene App. No 90-CA-53, unreported, 1991 WL 116663; *Cowgill v. Cowgill,* Darke App. No. 02CA1587, 2003-Ohio-610. After initial service is complete, notices may then be sent to counsel. *Id.* Based on our holding in *Bierce,* we do not find it was error to grant Appellant's motion to dismiss Appellee's contempt motion.

{¶22} In the *Hansen* case, cited above, while the court found that in most cases an attorney is an agent for his client for purposes of service, it further found that "[c]onsidering the unique nature of contempt proceedings-as well as the fact that the

alleged contemnor is the person who faces punishment, not the attorney[,]" the service on Ms. Hansen's attorney was not sufficient. *Id.* at 799-800. The court stated that it agreed with other cases that had held there generally must be an attempt to serve such motions personally on the alleged contemnor. The court, in *Hansen* further stated, in part, as follows in holding that Hansen's due process rights were violated:

> Here, direct service on Ms. Hansen was never even attempted, much less made. There is no evidence that Ms. Hansen even received notice of the contempt motion from her attorney. Thus, we need not decide whether, absent direct service, actual notice would have sufficed. In fact, after the attorney was served with the contempt motion, the attorney filed a motion to withdraw, specifically stating that she had been unable to contact Ms. Hansen. *Id.* at 800.

{¶23} In the case sub judice, there is no evidence that appellee ever attempted to serve appellant with the Motion to Show Cause or that appellant had actual notice of the motion. We find, based on the foregoing, that initial service of the contempt motion should have been made on appellant, the alleged contemnor, but was not, and that the trial court erred in finding appellant in contempt.

{¶24} Appellant's sole assignment of error is, therefore, sustained.

**{¶25}** Accordingly, the judgment of the Stark County Court of Common Pleas is reversed and this matter is remanded to the trial court for further proceedings.

By: Baldwin, J.

John Wise, P.J. and

Earle Wise, J. concur.