[Cite as *Newman v. Ohio Civ. Rights. Comm.*, 2019-Ohio-4183.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| PETER K. NEWMAN | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 28401 |
| | : | |
| v. | : | Trial Court Case Nos. 2018-CV-1023 |
| | : | and 2018-CV-1024 |
| OHIO CIVIL RIGHTS COMMISSION, | : | |
| et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendants-Appellees | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 11th day of October, 2019.

. . . . . . . . . . .

PETER K. NEWMAN, Atty. Reg. No. 0010468, 594 Garden Road, Dayton, Ohio 45419
        Plaintiff-Appellant, Pro Se

PATRICK M. DULL, Atty. Reg. No. 0064783, Principal Assistant Attorney General, 30 East Broad Street, 15th Floor, Columbus, Ohio 43215
        Attorney for Defendants-Appellees

. . . . . . . . . . . . .

DONOVAN, J.

**{¶ 1}** Plaintiff-appellant Peter K. Newman, acting pro se, appeals from a judgment of the Montgomery County Court of Common Pleas, which dismissed his petitions for judicial review filed pursuant to R.C. 4112.06 in Montgomery C.P. Nos. 2018-CV-1023 and 2018-CV-1024. Newman filed a timely notice of appeal with this Court on May 15, 2019.

**{¶ 2}** Newman is a former adjunct professor at the University of Dayton ("UD"), where he taught various courses in its law school and MBA program. After UD failed to renew his teaching contract for the spring semester of 2017, Newman filed lawsuits in which he claimed that UD, through its employees, retaliated against him for filing an internal discrimination and harassment complaint against a female African-American law student.[1] We also note that Newman was banned indefinitely from the UD campus on July 31, 2017.

**{¶ 3}** While he was engaged in litigation with UD, Newman filed two charges with the defendant-appellee Ohio Civil Rights Commission (OCRC), alleging employment discrimination and public accommodations discrimination. In his charges, Newman requested that the OCRC investigate whether UD had unlawfully discriminated against him when it failed to renew his teaching contract and when it banned him from the UD campus. After conducting a preliminary investigation into Newman's allegations, the OCRC concluded that it was "not probable" that UD had unlawfully discriminated against him and declined to issue an administrative complaint with respect to either charge filed by Newman. Thereafter, Newman filed a motion in which he requested that the OCRC

---

[1] *See Newman v. University of Dayton*, S.D. Ohio No. 3:17-cv-179, 2017 WL 4076517 (October 31, 2017), *aff'd,* 751 F.Appx. 809 (6th Cir.2018); *see also Newman v. University of Dayton*, Montgomery C.P. No. 2019 CV 0515.

reconsider its "not probable" determinations, and the OCRC agreed.

{¶ 4} On February 1, 2018, the OCRC held a hearing wherein both Newman and UD representatives appeared for oral arguments. At the close of the hearing, the OCRC issued its reconsideration decisions, again finding that it was "not probable" that UD discriminated against Newman; therefore, it did not file an administrative complaint against UD.

{¶ 5} On March 5, 2018, Newman filed two complaints in the Montgomery County Court of Common Pleas against the OCRC and the following OCRC employees: the five commissioners who issued the "not probable" findings, the executive director, chief legal counsel, the director of enforcement and compliance, the reconsideration supervisor, the Dayton regional director, and the field coordinator. Newman also named an Ohio Assistant Attorney General as a defendant in his complaints. Each of Newman's pleadings contained two elements: a "Complaint" comprised of his 42 U.S.C. 1983 due process and equal protection claims against the listed parties; and a "Petition for Judicial Review" in which he requested review of the OCRC's two "not probable" determinations pursuant to R.C. 4112.06.

{¶ 6} Both of Newman's complaints against the OCRC were removed to federal court. After removal, the federal district court consolidated the cases and issued an opinion dismissing Newman's 42 U.S.C. 1983 due process and equal protection claims, finding that each individual defendant was entitled to absolute and qualified immunity. *Newman v. Ohio Civil Rights Comm.*, S.D. Ohio No. 3:18-cv-88, 2018 WL 5312686, *6 (October 26, 2018). In the opinion, the district court noted that Newman conceded that the OCRC cannot be sued under 42 U.S.C. 1983. *Id.* at *4. After dismissing all of

Newman's due process claims, the federal court remanded the remaining R.C. 4112.06 petitions for judicial review to the Montgomery County Court of Common Pleas. *Id.* at *7.

{¶ 7} On remand, the trial court consolidated Newman's petitions for judicial review in an entry filed on February 26, 2019. On March 12, 2019, Newman filed a motion for leave to conduct discovery. The OCRC filed a memorandum in opposition one day later.

{¶ 8} On March 15, 2019, the OCRC filed a motion to dismiss based upon lack of subject matter jurisdiction. In support of its motion, the OCRC argued that, when Newman filed his two petitions for judicial review on March 5, 2018, he instructed the clerk of courts to serve his petitions on the OCRC. However, Newman did not instruct the clerk to serve his petitions on UD. Rather, he sent copies of the petitions to UD's attorneys through the regular mail. One year passed, and Newman still had not served UD through the clerk's office. Thus, the OCRC argued that the trial court lacked jurisdiction to entertain Newman's petitions.

{¶ 9} On April 10, 2019, the trial court denied Newman's motion for discovery. On April 15, 2019, relying upon the Ohio Supreme Court's holding in *Hambuechen v. 221 Mkt. N., Inc.*, 143 Ohio St.3d 161, 2015-Ohio-756, 35 N.E.3d 502, the trial court granted the OCRC's motion to dismiss Newman's petitions for lack of subject matter jurisdiction.

{¶ 10} It is from this judgment that Newman appeals.

{¶ 11} Newman's first assignment of error is as follows:

THE TRIAL COURT SHOULD NOT HAVE GRANTED DEFENDANTS' MOTION TO DISMISS BASED ON THE OHIO SUPREME COURT'S *HAMBUECHEN* DECISION BECAUSE THERE ARE A NUMBER OF FACTORS FOR WHY THIS PRECEDENT SHOULD NOT HAVE BEEN

FOLLOWED IN THIS CASE. ASSUMING, *ARGUENDO*, THAT THE TRIAL COURT CORRECTLY FOLLOWED *HAMBUECHEN*, THE AG WAIVED HIS SERVICE OBJECTIONS AND THE TRIAL COURT SHOULD HAVE GRANTED NEWMAN LEAVE TO CORRECT THE SERVICE PROBLEMS WITH HIS PETITIONS.

{¶ 12} In his first assignment, Newman contends that the trial court erred when it relied upon *Hambuechen* in finding that it lacked subject matter jurisdiction to hear his petitions for judicial review. Specifically, Newman advances the following arguments in support of his assertion regarding why the trial court should not have relied upon *Hambuechen*: 1) courts should not "blindly follow" the doctrine of stare decisis; 2) the holding in *Hambuechen* constituted improper "legislating from the bench;" 3) subject matter jurisdiction is only a "procedural technicality," and his cases should be adjudged on their merits; 4) by relying upon *Hambuechen*, the Attorney General's office "betrayed its own mission statement;" and 5) because jurisdiction is only a "technical service problem," the trial court should have applied a "balancing of the equities." Newman also argues that, assuming that the trial court correctly relied upon the holding in *Hambuechen*, the Attorney General "waived his service objections" to Newman's petitions. Lastly, Newman argues that the trial court should have granted him leave to "correct the technical service problems with his petitions" through the "excusable neglect" exception enunciated in Civ.R. 6(B).

{¶ 13} As previously stated, Newman filed his petitions on March 5, 2018, and served them on the OCRC through the clerk of courts. With respect to UD, however, Newman simply mailed the petitions to the University's attorneys. Pursuant to the Ohio

Supreme Court's holding in *Hambuechen*, mailing an R.C. 4112.06 petition for judicial review to one of the required parties is insufficient to provide subject matter jurisdiction to a reviewing court. Rather, "the petition for review of an order of the Civil Rights Commission must be served by a clerk of courts on all parties who appeared before the commission and on the commission itself within one year of the date that the petition was filed, as required by Civ.R. 3(A)."

{¶ 14} The *Hambuechen* court also stated the following:

The office of the clerk of courts exists for a reason. The use of a central office brings stability to the system. The judicial system and the public thus have a concrete method of knowing when a document has been filed, who has been served with that document, and how that document was served. As this court recently reasoned in *Clermont Cty. Transp. Improvement Dist. v. Gator Milford, L.L.C.*, 141 Ohio St.3d 542, 2015-Ohio-241, 26 N.E.3d 806, ¶ 2, "actual knowledge" is never a substitute for service by the clerk of courts.

*Hambuechen*, 143 Ohio St.3d 161, 2015-Ohio-756, 35 N.E.3d 502, ¶ 10. Therefore, simply mailing UD's attorneys copies of the petitions was insufficient to establish the subject matter jurisdiction of the trial court.

{¶ 15} Furthermore, "[w]hen a right to appeal is conferred by statute, the appeal can be perfected only in the mode prescribed by statute. *Ramsdell v. Ohio Civ. Rights Comm.*, 56 Ohio St.3d 24, 27, 563 N.E.2d 285 (1990). R.C. 4112.06 confers a right to appeal and obtain judicial review of a final order of the commission. Proceedings under R.C. 4112.06 'shall be initiated by the filing of a petition in [the common pleas] court * * *

and the service of a copy of the said petition upon the commission and upon all parties who appeared before the commission.' R.C. 4112.06(B). *The court obtains jurisdiction upon the filing and service of the petition and the commission's subsequent filing of the record. Id.*" (Emphasis added.) *Hambuechen* at ¶ 14 (French, J., concurring). In light of the holding in *Hambuechen*, the trial court properly dismissed Newman's R.C. 4112.06 petitions because he failed to have UD served through the clerk of courts within one year of the filing of the petitions. Therefore, the trial court did not err when it dismissed Newman's petitions based upon a lack of subject matter jurisdiction.

{¶ 16} "A defect in subject-matter jurisdiction cannot be waived or forfeited and may, therefore, be raised at any time." *Engelhart v. Hamilton Cty. Bd. of Commrs.*, 2016-Ohio-4935, 69 N.E.3d 137, ¶ 6 (1st Dist.), citing *State v. Mbodji*, 129 Ohio St.3d 325, 2011-Ohio-2880, 951 N.E.2d 1025, ¶ 10; *State v. Wilson*, 73 Ohio St.3d 40, 46, 652 N.E.2d 196 (1995) ("The issue of a court's subject matter jurisdiction cannot be waived. A party's failure to challenge a court's subject matter jurisdiction cannot be used, in effect, to bestow jurisdiction on a court where there is none."); *State ex rel. Kline v. Carroll*, 96 Ohio St.3d 404, 2002-Ohio-4849, 775 N.E.2d 517, ¶ 27 ("invited error" is a branch of the waiver doctrine and is inapplicable to an attack on the subject matter jurisdiction); *Vilk v. Dinardo*, 8th Dist. Cuyahoga No. 103755, 2016-Ohio-5245, ¶ 10 ("the question of a court's subject matter jurisdiction can be raised at any time -- even after judgment or on appeal"); *Leist v. Mad River Twp. Bd. of Trustees*, 2d Dist. Clark No. [2015]-CA-86, 2016-Ohio-2960, ¶ 6 (issues related to subject matter jurisdiction cannot be waived and may be raised sua sponte by an appellate court). *See also United States v. Cotton*, 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002) (because subject-matter jurisdiction goes

to the power of the court to adjudicate the merits of a case, it "can never be forfeited or waived"); *Rote v. Zel Custom Mfg., LLC*, 816 F.3d 383, 392 (6th Cir.2016) (holding that jurisdictional arguments not raised in the district court are not waived on appeal). Significantly, Newman's argument that the Attorney General waived jurisdiction was withdrawn (page 8 of his reply brief).

{¶ 17} Lastly, we conclude that Civ.R. 6(B) is inapplicable to the instant case. Although Civ.R. 6(B) grants broad discretion to the trial court, its discretion is not unlimited. *Miller v. Lint*, 62 Ohio St.2d 209, 214, 404 N.E.2d 752 (1980). "Neglect under Civ.R. 6(B)(2) has been described as conduct that falls substantially below what is reasonable under the circumstances." *Davis v. Immediate Med. Servs., Inc.*, 80 Ohio St.3d 10, 14, 684 N.E.2d 292 (1997). "The determination of whether neglect is excusable or inexcusable must take into consideration all the surrounding facts and circumstances, and courts must be mindful of the admonition that cases should be decided on their merits, where possible, rather than procedural grounds." *State ex rel. Lindenschmidt v. Butler Cty. Bd. of Commrs.*, 72 Ohio St.3d 464, 466, 650 N.E.2d 1343 (1995), citing *Marion Prod. Credit Assn. v. Cochran*, 40 Ohio St.3d 265, 271, 533 N.E.2d 325 (1988). In determining whether neglect was excusable, courts may consider "the danger of prejudice to the [movant], the length of delay and its potential impact on judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." (Citation omitted.) *First Union-Lehman Bros.-Bank of Am. Commercial Mtge. Trust v. Pillar Real Estate Advisors, Inc.*, 2d Dist. Montgomery No. 2010-CV-9039, 2014-Ohio-1105, ¶ 15.

{¶ 18} Contrary to Newman's urging, subject matter jurisdiction cannot be

disregarded in order to decide a case on the merits. *See Sunrise Coop., Inc. v. Joppeck*, 9th Dist. Lorain No. 16CA010984, 2017-Ohio-7654, ¶ 9 ("[A] court cannot ignore issues regarding subject matter jurisdiction."). Subject matter jurisdiction is a court's power to hear and decide a case on the merits. *Morrison v. Steiner*, 32 Ohio St.2d 86, 290 N.E.2d 841 (1972), paragraph one of the syllabus. "If a court acts without [subject matter] jurisdiction, then any proclamation by that court is void." *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 75, 701 N.E.2d 1002 (1998); *see Lorain Natl. Bank v. Corna*, 9th Dist. Lorain No. 13CA010472, 2015-Ohio-432, ¶ 6. "When there is a lack of jurisdiction, a dismissal of the action is the only proper order." *Dilatush v. Bd. of Rev.*, 107 Ohio App. 551, 552-553, 160 N.E.2d 309 (2d Dist.1959).

**{¶ 19}** As previously stated, Newman portrays the trial court's lack of subject matter jurisdiction as a mere "technical service problem." However, in *Dilatush*, we stated the following:

> *The dismissal of the appeal for want of jurisdiction is not a dismissal for a*
> *mere technicality*. Jurisdiction is a basic and fundamental prerequisite to
> any action by the court.

(Emphasis added.) *Id*. at 552. Therefore, Newman cannot use Civ.R. 6(B) to create subject matter jurisdiction where none exists. Civil rules are "procedural devices that do not extend or limit the jurisdiction of the courts of this state." *Brooks v. Brooks*, 2d Dist. Montgomery No. 15789, 1996 WL 647635, *5; Civ.R. 82 ("These rules shall not be construed to extend or limit the jurisdiction of the courts of this state.") Subject matter jurisdiction, or the lack thereof, is not a mere "technical service problem" to be easily excused or disregarded. Accordingly, Newman's assertion that his failure to serve UD

within the one-year period was "excusable neglect" pursuant to Civ.R. 6(B) in an effort to somehow extend the trial court's jurisdiction in the instant case is without merit.

{¶ 20} Newman's first assignment of error is overruled.

{¶ 21} Newman's second and final assignment of error is as follows:

THE TRIAL COURT SHOULD NOT HAVE DENIED NEWMAN'S MOTION FOR LEAVE TO CONDUCT DISCOVERY AND FOR SUBMISSION OF ADDITIONAL EVIDENCE BECAUSE DURING THE COMMISSION'S HEARINGS ON NEWMAN'S TWO CHARGES, THE COMMISSION SOLICITED AND ACCEPTED NEW EVIDENCE FROM THE UNIVERSITY OF DAYTON AND NEWMAN WAS DENIED HIS DUE PROCESS RIGHT TO RESPOND TO THIS NEW EVIDENCE.

{¶ 22} In his second assignment, Newman argues that his right to due process was violated when the trial court denied his motion for additional discovery. However, in light of our disposition of the first assignment of error, Newman's second assignment is rendered moot, and we need not address the merits of his argument.

{¶ 23} Newman's second assignment of error is overruled.

{¶ 24} Both of Newman's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and HALL, J., concur.

Copies sent to:

Peter K. Newman
Patrick M. Dull
Hon. Richard Skelton